SHIRLEY D. DEUTSCH, Bar No. 76230
SCHWARTZ & DEUTSCH, LLP
300 S. Grand Ave., Suite 3900
Los Angeles, California 90071
Tel: (213) 236-9400
Fax: (213) 236-9499
Email: sdeutsch@earthlink.net

Attorney for Defendants
MACY'S WEST STORES, INC.; MACY'S
CORPORATE SERVICES, INC.; and
MACY'S RETAIL HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOURVASH DEZHAM,<br><br>       Plaintiff,<br><br>    v.<br><br>MACY'S WEST STORES, INC., an Ohio corporation doing business in the State of California; MACY'S CORPORATE SERVICES, INC., a Delaware corporation doing business in the State of California; MACY'S RETAIL HOLDINGS, INC., a New York corporation doing business in the State of California; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No.: 8:13-cv-01864-DOC-RNB<br><br>**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: June 28, 2013<br>Removed: November 27, 2013<br>Trial Date: None Set |

As and for their Answer and Defenses to the Complaint of Plaintiff Hourvash Dezham ("Plaintiff"), Defendants Macy's West Stores, Inc., Macy's Corporate Services, Inc. and Macy's Retail Holdings, Inc. (collectively "Defendants"), by and through their undersigned counsel, state as follows:

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## GENERAL ALLEGATIONS

1.     Defendants admit that Defendant Macy's West Stores, Inc. operates a retail location in the South Coast Plaza Mall, County of Orange, State of California.

Defendants deny that it is appropriate for Plaintiff to refer to Defendants collectively, in that Defendant Macy's Retail Holdings, Inc. and Defendant Macy's Corporate Services, Inc. do not operate retail stores in the State of California and were not Plaintiff's employer. Accordingly, Defendants deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

2.      Defendants admit that Defendant Macy's West Stores, Inc. was an employer subject to the California Fair Employment and Housing Act, Government Code §12900, et seq. Defendants further state that the referenced code section speaks for itself and is the best evidence of its contents and that the remaining allegations of this paragraph constitute a legal conclusion to which no answer is required. Accordingly, Defendants deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

3.      Defendants admit that Plaintiff is an adult woman and that she has been a resident of Orange County, State of California since at least 1998. Defendants deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

4.      Defendants deny, generally and specifically, each and every allegation of Paragraph 4.

5.      Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph, and therefore deny the same.

6.      Defendants state that this paragraph constitutes a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, Defendants deny all of the allegations of this paragraph.

7.      Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

8.      Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

9. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## FACTUAL ALLEGATIONS

10. Defendants admit that Plaintiff is a woman, 56 years of age, and that she currently resides, and has resided since 1998, in Orange County, California. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations contained in this paragraph, and therefore deny the same.

11. Defendants admit the allegations of this paragraph, except that Defendants deny that Plaintiff was wrongfully terminated and deny that Plaintiff worked at the South Coast Plaza store until January 24, 2012.

12. Defendants admit that the South Coast Plaza store was changed from a commission-based pay structure to a non-commission-based pay structure during Plaintiff's employment with Defendant Macy's West Stores, Inc. Defendants further admit that Plaintiff was classified as a "specialist" for one or more lingerie brands at times during her employment with Defendant Macy's West Stores, Inc. Defendants deny the remaining allegations of this paragraph to the extent not expressly admitted herein. Defendants further state that this paragraph should be stricken as inflammatory material with respect to the irrelevant and gratuitous reference to "9/11 attacks."

13. Defendants state that this paragraph lacks foundation or context. Defendants deny, generally and specifically, the allegations and characterizations contained in this paragraph.

14. Defendants admit that Plaintiff's request for a medical leave of absence for July 14, 2010 through August 25, 2010 was approved by Defendant Macy's West Stores, Inc. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations of this paragraph, and therefore deny the

3.

same.

15.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of Plaintiff's allegations regarding her medical condition and/or treatment and therefore deny the same.  Defendants admit that Roberta Eagle was the Human Resources Manager for the South Coast Plaza store.  Defendants deny that Ms. Eagle "demanded" that Plaintiff come back to work and further deny the remaining allegations of this paragraph.

16.     Defendants admit that Plaintiff was given modified sedentary duties in accordance with her doctors' release to return to work.

17.     Defendants deny that Plaintiff was asked or required to perform duties contrary to her doctors' release, and therefore deny all of the allegations of this paragraph.

18.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations relating to Plaintiff's medical condition, and therefore deny the same.  Defendants further deny that Plaintiff was asked or required to perform duties contrary to her doctors' release, and therefore deny all of the remaining allegations of this paragraph.

19.     Defendants admit that Judy Wilson was a sales manager in the South Coast Plaza store who supervised Plaintiff at times during her employment with Defendant Macy's West Stores, Inc.  Defendants deny that Plaintiff's managers and co-workers made derogatory, degrading or offensive comments relative to Plaintiff's alleged disability.  Further answering, Defendants deny that Plaintiff was asked or required to perform duties contrary to her doctors' release, and therefore deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

20.     Defendants deny that Plaintiff was asked or required to perform duties contrary to her doctors' release, and therefore deny all of the allegations of this paragraph.  Defendants further deny that Plaintiff was made fun of because of her

alleged disability.

21.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

22.   Defendants admit that Roberta Eagle was the Human Resources Manager in the South Coast Plaza store. Defendants further admit that Roberta Eagle engaged in an interactive dialogue with Plaintiff, and that a scooter was ordered for Plaintiff to accommodate her injury. Defendants deny that Ms. Eagle "demanded" that Plaintiff have her doctor "change the limitations" that he or she had ordered, and further deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

23.   Defendants admit that a scooter was ordered for Plaintiff. Defendants deny that Plaintiff was "forced" to get a physician's note changing her medical/physical limitations. Accordingly, Defendants deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

24.   Defendants lack knowledge or information sufficient to form a belief as to the accuracy of this paragraph, and therefore deny the same. Further responding, Defendants deny that Defendant Macy's West Stores, Inc. asked or required Plaintiff to engage in any conduct contrary to her doctors' release(s) at any time.

25.   Defendants admit that, as part of the interactive process, Roberta Eagle informed Plaintiff that if a reasonable accommodation could not be made, Plaintiff would need to talk with her doctor about a leave of absence. Defendants deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

26.   Defendants admit that Plaintiff used the scooter that was ordered for her. Defendants deny that Defendant Macy's West Stores, Inc. asked or required Plaintiff to engage in any conduct contrary to her doctors' release(s) at any time, and therefore deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

27.   Defendants admit that sales associates employed by Defendant Macy's

5.

West Stores, Inc. are given sales goals, and that Plaintiff was not required to meet sales goals while she was on modified duty and not working on the sales floor. Defendants deny that Plaintiff was treated differently because of her injury and any time during her employment with Defendant Macy's West Stores, Inc. with respect to her job duties, sales goals, or any other aspect of her employment, and therefore deny all remaining allegations of this paragraph not expressly admitted herein.

28.    Defendants deny that Plaintiff was discriminated against or treated differently or unfairly with respect to sales goals as a result of her disability. Defendants further deny, generally and specifically, all other allegations of this paragraph.

29.    Defendants deny that Plaintiff was discriminated against or treated differently or unfairly with respect to sales goals as a result of her disability. Defendants further deny all other allegations of this paragraph.

30.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

31.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

32.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

33.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

34.    Defendants admit that Plaintiff's benefits while employed by Defendant Macy's West Stores, Inc. included paid days of vacation each year.  Defendants deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

35.    Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph with respect to Plaintiff's alleged medical condition, and therefore deny all allegations of this paragraph.

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

36.   Defendants admit that Plaintiff's request for a medical leave of absence beginning on May 23, 2011 and ending approximately June 19, 2011 was approved by Defendant Macy's West Stores, Inc. Defendants deny that Defendant Macy's West Stores, Inc. asked or required Plaintiff to engage in any conduct contrary to her doctors' release(s) at any time during her employment, and therefore deny the remaining allegations of this paragraph to the extent not expressly admitted herein. Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.

37.   Defendants deny that Plaintiff experienced any retaliation after she applied for workers' compensation benefits. Defendants further lack knowledge or information sufficient to form a belief regarding the accuracy of the allegations relating to Plaintiff's medical treatment and therefore deny the same. Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim. Defendants deny all allegations of this paragraph to the extent not expressly admitted herein.

38.   Defendants lack knowledge or information sufficient to form a belief regarding the accuracy of the allegations relating to Plaintiff's alleged medical condition or treatment, and therefore deny the same. Defendants expressly deny that Plaintiff suffered any injury of any kind as a result of any conduct by Plaintiff's employer, Defendant Macy's West Stores, Inc., or any of the Defendants. Accordingly, Defendants deny all allegations of this paragraph to the extent not expressly admitted herein. Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.

39.   Defendants admit that Defendant Macy's West Stores, Inc., Plaintiff's

7.

employer, terminated Plaintiff's employment effective January 24, 2012, as a result of Plaintiff's failure to return to work after exhausting all of her medical leave benefits under state and federal law, and after said Defendant engaged or attempted to engage in an interactive dialogue with Plaintiff. Further responding, Defendants admit that Plaintiff's last day of work for Defendant Macy's West Stores, Inc. was on or about May 23, 2011. Defendants deny all allegations of this paragraph to the extent not expressly admitted herein. Defendants further deny that Plaintiff's termination was discriminatory, retaliatory or otherwise wrongful.

40.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations relating to Plaintiff's medical condition or treatment, and therefore deny the same. Further responding, Defendants admit that Plaintiff applied for a position with Defendant Macy's West Stores, Inc. at a different Macy's store in March of 2013, and that Plaintiff's hourly rate of pay exceeded the maximum pay for the store to which she applied, and that Plaintiff was not hired for a position at that store. Defendants deny the remaining allegations of this paragraph to the extent not expressly admitted herein.

41.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

42.     Defendants admit that on or about May 17, 2013, Plaintiff applied first to Macy's Home store at South Coast Plaza, and later to Macy's main store at South Coast Plaza, for sales positions. Defendants further admit that Elizabeth Villela interviewed Plaintiff was interviewed for a Macy's Home sales position. Defendants deny that Ms. Villela knew about Plaintiff's alleged disability or the facts surrounding her alleged on-the-job injury at Macy's. Defendants further deny that Ms. Villela commented on Plaintiff's alleged disability. Defendants admit that Plaintiff was not offered a sales position at Macy's Home store because Plaintiff advised Ms. Villela that she required a desk job and could not work on the sales floor, and Macy's Home

8.

store had no such desk positions to offer.  Defendants deny all remaining allegations of this paragraph to the extent not expressly admitted herein.

43.    Defendants admit that Plaintiff was not interviewed for a position in the main store because the on-line application system used by Defendant Macy's West Stores, Inc. does not permit applicants to schedule interviews for more than one position at a time, and Plaintiff's first application was to the Macy's Home store. Defendants deny all remaining allegations of this paragraph to the extent not expressly admitted herein.

44.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

45.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.  Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.

46.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

47.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.  Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.

48.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

49.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

50.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

51.    Defendants deny, generally and specifically, each and every allegation

9.

contained in this paragraph.

52.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

53.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

54.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

55.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.  Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.

56.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

57.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

58.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations relating to Plaintiff's alleged medical conditions and therefore deny the same.  Further responding, Defendants deny that Plaintiff was "constantly undermined, harassed and discriminated against specifically due to her disability, race, national origin, age and participation in protected activity" or that her alleged medical conditions are directly or proximately caused by any conduct by Defendants.  Defendants therefore deny each and every allegation of this paragraph.

## FIRST CAUSE OF ACTION

### (Age Discrimination)

59.     Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-58 as if fully set forth herein.

60.     Defendants state that this paragraph constitutes a conclusion of law to

10.

which no answer is required.

61.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

62.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

63.    Denied. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

64.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

65.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

66.    Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

67.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

68.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

69.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

70.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

71.    Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

72.    Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

73.    Defendants state that this paragraph constitutes a conclusion of law to

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

which no answer is required.

74.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

75.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

76.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

77.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

78.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## SECOND CAUSE OF ACTION

### (Religious Discrimination)

79.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-78 as if fully set forth herein.

80.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

81.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

82.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

83.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

84.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

85.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

86.     Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

87.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

88.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

89.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

90.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

91.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

92.     Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

93.     Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

94.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

95.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

96.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

97.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

98.     Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

13.

## THIRD CAUSE OF ACTION

### (Race/National Origin Discrimination)

99.     Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-98 as if fully set forth herein.

100.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

101.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

102.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

103.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

104.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

105.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

106.   Defendants state that they lack sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

107.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

108.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

109.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

110.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

14.

111.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

112.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

113.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

114.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

115.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

116.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

117.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

118.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## FOURTH CAUSE OF ACTION

### (Physical & Mental Disability/Medical Condition Discrimination)

119.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-118 as if fully set forth herein.

120.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

121.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

122.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

123.   Defendants deny, generally and specifically, each and every allegation

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

contained in this paragraph.

124. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

125. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

126. Defendants state that they lack sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

127. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

128. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

129. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

130. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

131. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

132. Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

133. Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

134. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

135. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

136. Defendants deny, generally and specifically, each and every allegation

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

contained in this paragraph.

137. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

138. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## FIFTH CAUSE OF ACTION

### (Participation in Protected Conduct)

139. Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-138 as if fully set forth herein.

140. Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

141. Defendants state that the Complaint contains two paragraphs numbered "141." As to the first paragraph numbered "141," Defendants admit that Plaintiff filed complaints with DFEH and filed for and received workers' compensation benefits under California's Workers' Compensation Act. Defendants deny the remaining allegations of this paragraph.

141. Defendants deny, generally and specifically, each and every allegation of the second paragraph numbered "141."

142. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

143. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

144. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

145. Defendants lack knowledge or information sufficient to form a belief as

to the accuracy of the allegations contained in this paragraph and therefore deny the same.

146.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

147.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

148.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

149.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

150.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

151.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

152.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

153.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## SIXTH CAUSE OF ACTION

### (Failure to Prevent or Remedy Discrimination & Harassment)

154.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-153 as if fully set forth herein.

155.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

156.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

157.   Defendants deny, generally and specifically, each and every allegation

18.

contained in this paragraph.

158. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

159. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

160. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

161. Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

## SEVENTH CAUSE OF ACTION

### (Retaliation)

162. Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-161 as if fully set forth herein.

163. Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

164. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

165. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

166. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

167. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

168. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

169. Defendants deny, generally and specifically, each and every allegation

19.

contained in this paragraph.

170.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

171.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

172.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

173.   Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

## EIGHTH CAUSE OF ACTION

### (Harassment)

174.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-173 as if fully set forth herein.

175.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

176.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

177.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

178.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

179.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

180.   Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

## NINTH CAUSE OF ACTION

### (Intentional Infliction of Emotion Distress)

181.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-180 as if fully set forth herein.

182.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

183.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

184.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

185.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

186.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

187.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

188.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## TENTH CAUSE OF ACTION

### (Refusal to Accommodate Disability/Medical Condition)

189.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-188 as if fully set forth herein.

190.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

191.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

192.   Defendants lack knowledge or information sufficient to form a belief as

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

to the accuracy of the allegations relating to Plaintiff's alleged medical conditions or treatment. Defendants deny each and every allegation contained in this paragraph.

193.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

194.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

195.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

196.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

197.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

198.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

199.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

200.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

201.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

202.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

203.   Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

## ELEVENTH CAUSE OF ACTION

### (Violation of Article 1, §8 of the California Constitution)

22.

204.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-203 as if fully set forth herein.

205.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

206.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

207.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

208.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

209.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

210.   Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

## TWELFTH CAUSE OF ACTION
### (Refusal to Hire/Reinstate)

211.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-210 as if fully set forth herein.

212.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

213.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

214.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

215.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

23.

216.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

217.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

218.   Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

219.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

220.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

221.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

222.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

223.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## THIRTEENTH CAUSE OF ACTION
### (Wrongful Termiantion)

224.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-223 as if fully set forth herein.

226.   Defendants state that the Complaint omits paragraph "225" and skips from "224" to "226."  With respect to the paragraph numbered "226," Defendants admit that Plaintiff alleges she suffered an injury within the course and scope of her employment with Defendant Macy's West Stores, Inc., and that she filed a workers' compensation claim under the California Workers' Compensation Act.  Defendants deny any remaining allegations contained in this paragraph.

24.

227.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

228.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

229.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

230.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

231.   Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

232.   Defendants deny this paragraph in its entirety, including but not limited to subparagraphs (i) through (vii).

233.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

234.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

235.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

236.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

237.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

238.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

239.   Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in this paragraph and therefore deny the same.

## FOURTEENTH CAUSE OF ACTION

### (Failure to Pay Vacation Time/Wages)

240.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-239 as if fully set forth herein.

241.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

242.   Defendants state that this paragraph contains a conclusion of law to which no answer is required.  Further responding, Defendants deny the remaining allegations of this paragraph.

243.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

244.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## FIFTEENTH CAUSE OF ACTION

### (Violation of Labor Code §226(b))

245.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-244 as if fully set forth herein.

246.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

247.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## SIXTEENTH CAUSE OF ACTION

### (Unfair Competition)

248.   Defendants reallege, restate and incorporate by reference their responses to the allegations contained in paragraphs 1-247 as if fully set forth herein.

249.   Defendants state that this paragraph constitutes a conclusion of law and/or a prayer for relief to which no answer is required.  Further responding,

26.

Defendants deny that Plaintiff is entitled to any equitable relief for restitution, an injunction or otherwise.

250. Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

251. Defendants state that this paragraph contains a conclusion of law to which no answer is required. Further responding, Defendants deny the remaining allegations of this paragraph.

252. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

253. Defendants state that this paragraph constitutes a conclusion of law to which no answer is required.

254. Defendants deny, generally and specifically, each and every allegation contained in this paragraph. Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.

255. Defendants deny, generally and specifically, each and every allegation contained in this paragraph. Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.

256. Defendants deny, generally and specifically, each and every allegation contained in this paragraph. Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.

## REQUEST FOR INJUNCTIVE RELIEF IN THE FORM OF PRELIMINARY AND PERMANENT INJUNCTION

257. Defendants deny that Plaintiff is entitled to injunctive relief as requested in this paragraph, including but not limited to subparagraphs (A) through (C). Further

27.

responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.  Further responding, Defendants state that the Court lacks subject matter jurisdiction to impose injunctive relief outside the State of California.

258.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.  Further responding, Defendants state that the Court lacks subject matter jurisdiction with respect to any allegations regarding the administration of Plaintiff's workers' compensation claim.  Further responding, Defendants state that the Court lacks subject matter jurisdiction to impose injunctive relief outside the State of California.

## DEFENDANTS' DEFENSES TO PLAINTIFF'S COMPLAINT

For further answer and separate defenses to Plaintiff's Complaint, and each and every purported cause of action therein, Defendants allege as follows:

**FIRST DEFENSE:**      Plaintiff's Complaint and claims therein, and this action, are barred in whole or in part by Plaintiff's improper joinder of Defendants Macy's Retail Holdings, Inc. and Macy's Corporate Services, Inc.  The only proper party to this action is Plaintiff's former employer, Defendant Macy's West Stores, Inc.

**SECOND DEFENSE:**   Plaintiff's Complaint and claims therein, and this action, are barred in whole or in part by the Court's lack of subject matter jurisdiction with respect to the administration of Plaintiff's workers' compensation claim, the injunctive relief sought by Plaintiff with respect to the administration of workers' compensation claims, and the injunctive relief sought by Plaintiff with respect to injunctive relief outside the State of California.

**THIRD DEFENSE:**      Plaintiff lacks standing to seek the injunctive relief requested in the Complaint.

**FOURTH DEFENSE:**   Plaintiff's Complaint fails to allege facts sufficient to constitute claims for relief against Defendant.

**FIFTH DEFENSE:**     Plaintiff's Complaint, claims, damages and requests for equitable relief are barred in whole or in part because Plaintiff failed to fully and timely exhaust the required administrative remedies.

**SIXTH DEFENSE:**     Plaintiff's Complaint, claims, damages, and requests for equitable relief are barred in whole or in part pursuant to the doctrine of avoidable consequences and/or because Plaintiff failed to mitigate, minimize, or otherwise avoid losses, damages, costs, or expenses.

**SEVENTH DEFENSE:** Plaintiff's Complaint, claims, damages, and requests for equitable relief are barred in whole or in part by the doctrine of waiver.

**EIGHTH DEFENSE:**     Plaintiff's Complaint, claims, damages, and requests for equitable relief are barred in whole or in part by estoppel.

**NINTH DEFENSE:**     Plaintiff was an at-will employee under California law, and therefore her employment could be terminated, and her compensation and job responsibilities modified, at-will.

**TENTH DEFENSE:**     Defendants allege, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendants, has been fully performed, satisfied, or discharged.

**ELEVENTH DEFENSE:**     Plaintiff's Complaint, claims, damages, and requests for equitable relief are barred in whole or in part because, if Plaintiff sustained any damage, injury, and/or detriment as alleged in the Complaint, such injury was caused by her own conduct and/or the fault of others for whose conduct Defendant is not liable.

**TWELFTH DEFENSE:** Plaintiff's Complaint, claims, damages and requests for equitable relief are barred in whole or in part by the doctrine of unclean hands.

**THIRTEENTH DEFENSE:**     Defendants had, at all relevant times, an anti-discrimination, anti-harassment and anti-retaliation policy and complaint

29.

procedure in place and Plaintiff failed to avail herself of the internal procedures for complaints of discrimination. Plaintiff's damages, if any, are reduced to the extent Plaintiff failed to take advantage of her employer's safeguards to avoid and eliminate alleged discrimination, harassment and retaliation, which failure to act by Plaintiff caused or contributed to the claimed damages, if any.

**FOURTEENTH DEFENSE:**  Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendants. Furthermore, Defendants did not commit oppressive, intentional, or malicious acts with respect to Plaintiff, did not engage in despicable conduct with respect to Plaintiff, did not authorize or ratify any such acts, and did not have advance knowledge of the unfitness of any employee and employ that employee with a conscious disregard of the rights and safety of others.

**FIFTEENTH DEFENSE:**    Any conduct attributed to Defendants was justified, made in good faith, for legitimate, non-discriminatory and non-retaliatory business reasons, was protected by the managerial privilege, and/or was otherwise privileged.

**SIXTEENTH DEFENSE:**    At all times relevant, Defendants acted in good faith and did not violate any rights Plaintiff may have under federal, state, or local laws, rules, regulations, or guidelines. However, even assuming *arguendo* a discriminatory motive could be attributed to any adverse employment action, Defendants would have made the same decision absent any improper motive, thereby barring and/or limiting Plaintiff's damages and requests for equitable relief.

**SEVENTEENTH DEFENSE:**  To the extent Defendants obtain after-acquired evidence of wrongdoing by Plaintiff through discovery or otherwise, the Complaint and claims therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**EIGHTEENTH DEFENSE:**  The Complaint and claims therein cannot be

30.

maintained against Defendants because Plaintiff has failed to allege the requisite causal connection between any alleged protected activities and any alleged adverse employment action.

**NINETEENTH DEFENSE:**   Plaintiff is not entitled to recover any punitive damages because any award in this action would violate Defendants' rights to due process and/or equal protection under the United States and/or California Constitutions.

**TWENTIETH DEFENSE:**   Plaintiff's Complaint, claims, damages, and requests for equitable relief are barred in whole or in part by the doctrine of justification.

**TWENTY-FIRST DEFENSE:**   Plaintiff's Complaint, claims, damages, and requests for equitable relief are barred in whole or in part because any alleged accommodation which Plaintiff claims should have been offered was above and beyond what Defendant Macy's West Stores, Inc. was reasonably able to provide and would have caused Defendants undue hardship.

**TWENTY-SECOND DEFENSE:**   The Complaint and each cause of action set forth therein cannot be maintained against Defendants because any adverse employment action suffered by Plaintiff was based upon reasonable factors other than her protected characteristics and/or her alleged exercise of protected rights.

**TWENTY-THIRD DEFENSE:**   The Complaint and each cause of action set forth therein cannot be maintained against Defendants because any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any disability or unemployment benefits, workers' compensation benefits and/or other monies and/or benefits Plaintiff has received or will receive.

**TWENTY-FOURTH DEFENSE:**   The Complaint and the causes of action set forth therein are barred, in whole or in part, by the applicable statute(s) of limitations set forth by the California Fair Employment and Housing Act, Government

31.

Code §§ 12960 and 12965, the California Labor Code, and the California Code of Civil Procedure.

**TWENTY-FIFTH DEFENSE:** The Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury, relating to the administration of her workers' compensation claim, and/or alleged retaliation based on the exercise of rights pursuant to the California Workers' Compensation Act, are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code §3600, *et seq.*, and California Labor Code §132a, in that: (1) the injuries complained of occurred when both Plaintiff and her employer Defendant Macy's West Stores, Inc. were subject to California Labor Code §§ 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to her employment and was acting within the course and scope of her employment; and (3) Plaintiff alleges the injuries were caused by her employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

**TWENTY-SIXTH DEFENSE:** Plaintiff's Complaint, claims, damages and requests for equitable relief are preempted in whole or in part by the California Workers' Compensation Act and Plaintiff's workers' compensation claim under California Labor Code section 132a, pending before the Workers' Compensation Appeals Board of the State of California, and bearing Appeal No.: ADJ8020564.

**TWENTY-SEVENTH DEFENSE:** Plaintiff's Complaint, claims, damages, and requests for equitable relief are barred in whole or in part because Plaintiff was not a qualified individual with a disability during the time periods that she alleges Defendants violated the Fair Employment and Housing Act.

**TWENTY-EIGHTH DEFENSE:** Plaintiff's Complaint, claims, damages, and requests for equitable relief are barred in whole or in part by the intra-corporate conspiracy doctrine.

**TWENTY-NINTH DEFENSE:** Plaintiff's Complaint fails to state a

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

claim for any equitable or injunctive relief, in that, among other things, Plaintiff would not be irreparably harmed in the absence of such relief, and she has an adequate remedy at law.

**THIRTIETH DEFENSE:**       Plaintiff cannot recover waiting time penalties as any alleged failure to pay wages was based on a good faith dispute regarding the applicable law or facts.

**THIRTY-FIRST DEFENSE:**  Assuming arguendo that Defendant Macy's West Stores, Inc. failed to pay Plaintiff all wages, Defendants cannot be held liable because any such failure to pay was not willful.

**THIRTY-SECOND DEFENSE:**       The causes of action against Defendants as alleged in the Complaint are barred, in whole or in part, by the doctrine of laches because, inter alia, Plaintiff's unreasonable delay in bringing this action prejudiced the rights of the Defendants.

## RESERVATION OF RIGHTS

Because Plaintiff's Complaint is couched in conclusory terms and discovery has not yet begun, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendants' right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint and having alleged defenses, Defendants pray:

1.      That Plaintiff take nothing by her Complaint;

2.      That the Court enter judgment in Defendants' favor and dismiss of all of Plaintiff's claims in their entirety;

3.      That Defendants recover their costs of suit and attorneys' fees incurred in this action; and

4.      For such other and further relief as the Court may deem proper.

33.

1

2  Dated: December 4, 2013                    SHIRLEY D. DEUTSCH
                                              SCHWARTZ & DEUTSCH, LLP
3

4

5                                             SHIRLEY DEUTSCH
                                              Attorneys for Defendants
6                                             MACY'S WEST STORES, INC.;
                                              MACY'S CORPORATE SERVICES,
7                                             INC.; and MACY'S RETAIL
                                              HOLDINGS, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

34.

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT