O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 13-1864-DOC (ROMx)          Date: September 9, 2014

Title: HOURVASH DEZHAM V. MACY'S WEST STORES, INC., ET AL.

PRESENT:      THE HONORABLE DAVID O. CARTER, JUDGE

| Cynthia Liao | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                     None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS OR STRIKE CERTAIN CLAIMS [32]**

Before the Court is Defendants Macy's Corporate Services, Inc. ("MCSI"), Macy's Retail Holdings ("MRH"), and Macy's West Stores, Inc.'s ("MWSI") (together, "Macy's") Motions to Dismiss or Strike Certain Claims ("Mot.") (Dkt. 32). Having considered the Motion, Opposition ("Opp'n") (Dkt. 35), and Reply (Dkt. 38), the Court GRANTS IN PART AND DENIES IN PART as follows:

The Court DENIES Macy's Motion with respect to claims #15 (ADEA), #16 (ADA), #17 (Title VII) and #18 (42 U.S.C. §1981) and DISMISSES claim #8 (Intentional Infliction of Emotional Distress) WITH PREJUDICE for the reasons stated below.

### I.     Background

The Court draws the following facts from Ms. Dezham's First Amended Complaint ("FAC"). Plaintiff Hourvash Dezham ("Ms. Dezham") is a 56-year-old Iranian-American Muslim woman who worked as a Macy's salesperson from August 1997 to January 2012. FAC ¶¶ 10-11. In June 2010, Ms. Dezham broke one of her toes as a result of a work-related injury. *Id.* ¶ 14. She went on medical leave for nearly seven weeks and returned to work with modified duties. *Id.* ¶¶ 14. These modified duties enabled her to stay off her feet as often as possible. *Id.* ¶¶ 16. Three months after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1864-DOC (RNBx)                                    Date: September 9, 2014

Page 2

returning to work, Macy's informed Ms. Dezham that they could no longer accommodate her medical restrictions. *Id.* ¶ 21. Shortly thereafter, Macy's purchased a scooter for Ms. Dezham to use while working, and required her to obtain a physician's note changing her medical limitations so that she could be on the sales floor for longer durations of time. *Id.* ¶¶ 22-23. In May 2011, Ms. Dezham's physician required her to take medical leave due to injuries she sustained as a result of Macy's requesting her to violate her doctor's orders to stay off her feet. *Id.* ¶ 36. Macy's also refused to authorize Ms. Dezham's doctor's requests to perform x-rays and other treatment, even though Ms. Dezham had applied for workers' compensation benefits. *Id.* Macy's terminated Ms. Dezham's employment in January 2012. *Id.* ¶ 11.

On October 17, 2012, Ms. Dezham filed her first charge with the California Department of Fair Employment and Housing ("DFEH"), case number 48017-22898. *Id.* ¶ 46. She received her right to sue letter that same day. *Id.* She filed a second charge with DFEH on April 23, 2013 and received her right to sue letter on April 23, 2013. *Id.* Ms. Dezham does not specify which day she filed her third charge with DFEH, but her third right to sue letter was received on September 25, 2013. *Id.*

On October 17, 2013, Ms. Dezham filed suit in the Orange County Superior Court against Macy's, alleging multiple employment discrimination claims. On March 31, 2014, Macy's filed a Motion for Judgment on the Pleadings. (Dkts. 23, 24). In response, the Court dismissed Ms. Dezham's claims for religious discrimination and intentional infliction of emotional distress without prejudice; struck Ms. Dezham's request for Macy's stores outside of California to be ordered to follow California law; and required Ms. Dezham to file an amended complaint on or before July 7, 2014. *See* Order Denying Motion for Judgment on the Pleadings ("Order"), June 20, 2014 (Dkt. 29), at 2.

Ms. Dezham filed an amended complaint on July 7, 2014 (Dkt. 30), and Macy's filed a Motion to Dismiss or Strike Certain Claims on July 25, 2014 (Dkt. 32). In this motion, Ms. Dezham alleges, among other claims not subject to this motion, that Macy's co-workers and managers caused her to suffer severe emotional distress. Ms. Dezham also alleges violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act, and 42 U.S.C. §1981 in her newly Amended Complaint for Damages and Injunctive Relief.

**II.**                 **Legal Standard**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1864-DOC (RNBx)                                 Date: September 9, 2014

                                                                                                                                                    Page 3

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara,* 307 F.3d 1119, 1121 (9th Cir. 2002).

      **III.**            **Discussion**

    **A. Timeliness of Claims**

        **1. Adding New Claims After Scheduling Order Deadline**

Macy's alleges Ms. Dezham's "unilateral decision to add new claims" in violation of the Court's February 3, 2014 Scheduling Order (Dkt. 19) should restrict her from bringing said claims. *See* Mot. at 3. Ms. Dezham asserts the Court granted her permission to amend her FAC within the expiration of the Scheduling Order's time limit. *See* Opp'n at 7. While it is true that Ms. Dezham never filed a Rule 15 motion to seek leave to amend, she acted within the parameters defined by the Court's Order. *Id.*

Granting leave to amend lies within the sound discretion of the trial court and "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Moreover, a Court is generally allowed to modify the schedule if good cause exists. *See* Fed. R. Civ. P. 16(b)(4). This

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1864-DOC (RNBx)　　　　　　　　　　　　　　　Date: September 9, 2014
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

liberal amendment standard reflects the view that parties should not be prevented from proving a claim simply because they had not pleaded it earlier in the pre-litigation process.

On February 3, 2014, the Court issued a Scheduling Order that limited either party from amending the complaint more than ninety days after the date the Order was issued. However, the Court modified this limitation in its June 20, 2014 Order Denying Macy's Motion for Judgment on the Pleadings by stating that "Plaintiff shall file an *amended complaint* on or before June 7, 2014." Order at 11 (emphasis added). While it is true that the order to amend was made in contemplation of Ms. Dezham adding facts sufficient to support a claim for intentional infliction of emotional distress and/or religious discrimination, the Court did not explicitly limit Ms. Dezham in how she could make amendments to the complaint. Thus, Ms. Dezham acted within the parameters of the Court's Order.

The Court is aware that allowing Ms. Dezham to amend her complaint at this point means that Macy's will face the increased burden of addressing new claims. However, the Court must weigh this burden against the courts' preference for evaluating claims on their merits rather than dismissing them on procedural technicalities.

Therefore, the Court DENIES Macy's Motion to Dismiss Ms. Dezham's ADEA, ADA, Title VII, and § 1981 claims on this ground. In order to avoid prejudicing Macy's, the Court hereby orders that the discovery cut-off date be extended from August 4, 2014 to October 3, 2014 and the expert discovery cut-off date be extended from September 4, 2014 to October 24, 2014 for the limited purpose of conducting discovery on Plaintiff's ADEA, Title VII, ADA, and § 1981 claims.

### 2. Statutory Time Bar

Macy's alleges that Ms. Dezham's ADEA claim is time-barred because Ms. Dezham did not file a charge with the EEOC thirty days before filing suit under the ADEA. *See* Mot. at 4. Macy's also alleges that Ms. Dezham's ADA and Title VII claims are time-barred because Ms. Dezham was required to file a civil action within ninety days after receiving a right to sue letter from either the EEOC or a state agency. *Id*. at 5. Ms. Dezham alleges she filed charges with the DFEH prior to filing suit with this Court, and the DFEH and the EEOC have a "work sharing agreement" through which the filing of a complaint in either office is deemed to be a constructive filing with the other for the purposes of filing a civil action. *See* Opp'n at 8 (citing *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989)). The Court agrees with Ms. Dezham for the reasons stated below.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1864-DOC (RNBx)                              Date: September 9, 2014

                                                                                                        Page 5

At first blush, Ms. Dezham's failure to file charges with the EEOC appears to run afoul of the ADEA provision that "No civil action may be commenced by an individual . . . until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. §626(d)(1). However, in states like California that prohibit employment discrimination on the basis of age and provide a state administrative remedy, the rules are more complex. In such a case, the ADEA provides that the individual cannot file a civil action unless (1) 60 days have passed after state proceedings have commenced, unless such proceedings were earlier terminated; and (2) the individual has first filed a charge with the EEOC "within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." 29 U.S.C. §626(d)(1)(B).

Here, it is undisputed that Ms. Dezham never filed a charge with the EEOC directly. Opp'n at 8. However, under EEOC's ADEA regulations, charges can be filed with either "the Commission or its designated agent." 29 CFR § 1626.7(a). This Court notes that the EEOC and DFEH had an operative worksharing agreement between October 1, 2012, and September 30, 2013, when Ms. Dezham filed her three charges with the DFEH. *See* Worksharing Agreement Between California Department of Fair Employment and Housing and U.S. Equal Opportunity Commission, Fiscal Year 2013.[1] Under the worksharing agreement, each agency deemed the other its agent for purposes of receiving charges. *Id.* § II.A. Ms. Dezham's DFEH filings thus were constructively EEOC filings. Therefore, the question is whether the timing of Ms. Dezham's filings satisfied § 626(d)(1).

Because DFEH terminated its proceedings with regard to each of Ms. Dezham's filings before 300 days had passed after the last alleged instance of discrimination occurred in June 1, 2013, *see* FAC ¶ 42, the relevant inquiry is whether Ms. Dezham filed suit in state court within 30 days of those terminations. Ms. Dezham's first two sets of proceedings before DFEH terminated in October 2012 and April 2013 respectively, both over 30 days before she filed in state court on October 17, 2013. Proceedings related to her last filing, however, terminated on September 25, 2013 with the issuance of a right-to-sue letter. Ms. Dezham then filed suit in state court on October 17, 2013, which was within 30 days of September 25, 2013. Thus, Ms. Dezham's ADEA claim is not time-barred.

---

[1] *Available at* http://www.dfeh.ca.gov/res/docs/Work%20Share%20Agreements/CA%20DFEH%20FY%202013%20WSA.pdf.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1864-DOC (RNBx)                                          Date: September 9, 2014

                                                                                                                                         Page 6

Title VII requires an individual to commence a civil action "within ninety days" after receiving notice from either the EEOC or a state agency. 42 U.S.C. § 2000e-5(e) (1). The ADA incorporates by reference the procedures established in Title VII. *See* 42 U.S.C. § 12117 (a) (ADA incorporates Title VII procedures); *Villone v. United Parcel Serv., Inc.,* 540 F. App'x 798, 798 (9th Cir. 2013). While more than one year passed between the dates Ms. Dezham *initially* received her right-to-sue letter and when she actually filed suit, only twenty-two days passed between the dates she received her *third* right-to-sue letter and the filing of this suit. Therefore, Ms. Dezham's ADEA, Title VII and ADA claims are timely.

Accordingly, the Court DENIES Macy's Motion on the ground that claims #15 (ADEA), #16 (ADA), and #17 (Title VII) are statutorily time-barred.

### B. Intentional Infliction of Emotional Distress

Ms. Dezham argues that Macy's acted intentionally and recklessly by harassing her on the basis of a protected class, and in doing so, subjected her to severe emotional distress. Compl. ¶ 182. Macy's argues that Ms. Dezham's allegations do not rise to the level of outrageous conduct that must occur in order to support a claim for intentional infliction of emotional distress, and thus Ms. Dezham fails to state a claim for intentional infliction of emotional distress. Mot. at 10-11.

Under California law, a prima facie case of intentional infliction of emotional distress requires the following: (1) extreme and outrageous conduct by the defendant; (2) with the intention of causing, or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *See Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991); *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009); *see also Sabow v. United States*, 93 F.3d 1445, 1454 (9th Cir.1996). In order to find certain conduct "outrageous, [the conduct] must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *See Dove v. PNS Stores, Inc.*, 982 F. Supp. 1420, 1424 (C.D. Cal. 1997) (*citing King v. AC & R Adver.*, 65 F.3d 764, 769 (9th Cir.1995)). However, "terminating an employee is not alone sufficient to satisfy the standard for extreme and outrageous conduct." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1177 (N.D. Cal. 2003); *Pitman v. City of Oakland*, 197 Cal. App. 3d 1037, 1047 (1988). Where behavior goes beyond the act of termination, however, it is for the court to determine whether on the evidence severe emotional distress can be found. *Rulon–Miller v. Int'l Bus. Mach. Corp.*, 162 Cal.App.3d 241, 254 (1984).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1864-DOC (RNBx)                                            Date: September 9, 2014

                                                                                                                                   Page 7

      Ms. Dezham alleges Macy's, through the actions of its employees, (1) made derogatory and offensive comments related to Ms. Dezham's disability; (2) required Ms. Dezham to perform certain tasks that exceeded a doctor's recommendation; and (3) rejected a doctor's request to authorize a basic diagnostic test. However, none of the above actions taken as true can be considered "outrageous" conduct.

      Neither insults nor indignities establish liability for emotional distress. *See Molko v. Holy Spirit Ass'n,* 46 Cal.3d 1092, 112 (1988). A court has found that age-related comments made by an employer, while offensive and perhaps discriminatory, were "not so egregiously outside the realm of civilized conduct to give rise to actionable infliction of mental distress." *King v. AC & R Adver.*, 65 F.3d 764, 769 (9th Cir.1995) (finding the comment "You'll be seeing a lot less gray hair around here" – made in reference to the plaintiff's older age – was not sufficient to support a claim for intentional infliction of emotional distress). Similarly, comments made to Ms. Dezham such as "Can we have your job?" and "We still don't understand what is wrong with your foot" are not so far removed from civilized conduct that they "shock the conscience." And while no California case directly addresses whether an employer acts outrageously when she asks an employee to ignore a doctor's recommendation or rejects a doctor's request to authorize certain tests, such conduct fails to "exceed all bounds of that which is usually tolerated in a civilized community." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (internal quotation marks omitted). Accordingly, it is this Court's opinion that Ms. Dezham has not pleaded enough facts to suggest that Macy's intended to cause or acted with reckless disregard for causing extreme and outrageous emotional distress.

      Accordingly, the Court DISMISSES Ms. Dezham's claim for intentional infliction of emotional distress WITH PREJUDICE.

### IV. Disposition

      For the reasons stated above, the Court DENIES Macy's motion with respect to claims #15 (ADEA), #16 (ADA), #17 (Title VII) and #18 (42 U.S.C. §1981) and DISMISSES claim #8 (Intentional Infliction of Emotional Distress) WITH PREJUDICE.

      In addition, the Court orders that the discovery cut-off date be extended from August 4, 2014 to October 3, 2014 and the expert discovery cut-off date be extended from September 4, 2014 to October 24, 2014 for the limited purpose of conducting discovery on Plaintiff's ADEA, Title VII, ADA, and § 1981 claims.

MINUTES FORM 11
CIVIL-GEN                                                                                                                 Initials of Deputy Clerk: jcb