SHIRLEY D. DEUTSCH, Bar No. 76230
SCHWARTZ & DEUTSCH, LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 236-9400
Fax: (213) 236-9499
Email: sdeutsch@earthlink.net

Betty Thorne Tierney, pro hac vice admittee
MACY'S LAW DEPARTMENT
111 Boulder Industrial Court, 2nd Floor
St. Louis, MO 63044
Telephone: (314) 342-6728
Facsimile: (314) 342-6366
Email: betty.tierney@macys.com

Attorneys for Defendants
MACY'S WEST STORES, INC.,
MACY'S CORPORATE SERVICES, INC. and
MACY'S RETAIL HOLDINGS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOURVASH DEZHAM,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES INC., et al.,<br><br>Defendants. | CASE NO.: SACV 13-1864-DOC (RNBx)<br><br>**STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT BY DEFENDANTS MACY'S RETAIL HOLDINGS, INC. AND MACY'S CORPORATE SERVICES, INC.** |

Defendants Macy's Retail Holdings, Inc. and Macy's Corporate Services, Inc., pursuant to Local Rule 56-1, submit the following Statement of Uncontroverted Facts and Conclusions of Law in Support of their Motions For Summary Judgment or, in the

alternative, partial summary judgment.

1. Macy's Retail Holdings, Inc. ("MRHI") is the parent company of Macy's West Stores, Inc. ("MWSI") and Macy's Corporate Services, Inc. ("MCS"). Declaration of Linda Balicki (hereinafter "Balicki Dec."), ¶¶ 1, 6.

2. MRHI is a wholly-owned subsidiary of Macy's, Inc. Balicki Dec., ¶ 1; Eagle Dep., p. 119:17-19.

3. MWSI and MCS are sister corporations – both owned by MRHI. Balicki Dec., ¶¶ 6-7.

4. MRHI operates department stores across the United States but does not operate the stores in California under the Macy's tradename. Balicki Dec., ¶ 7.

5. MWSI is the corporate entity that operates retail stores in California under the Macy's tradename. Balicki Dec., ¶ 5; Deposition of Roberta Eagle ("Eagle Dep."), pp. 119:7-120:13.

6. MWSI is the employer of all individuals who work in retail stores in California operating under the tradename "Macy's". MWSI is responsible for directing the day-to-day activities of all store employees. MWSI was Hourvash Dezham's employer. Balicki Dec., ¶ 5; Eagle Dep., pp. 119:7-120:13.

7. MCS does not operate any retail department stores nor does it offer any merchandise for purchase on-line in any state. Balicki Dec., ¶ 6.

8. MCS does not employ any of the store personnel in California and thus, did not employ Hourvash Dezham. Balicki Dec., ¶ 6.

9. MRHI did not employ any Macy's store personnel in California nor did it employ Hourvash Dezham. Balicki Dec., ¶ 7.

10. MWSI has sufficient resources and funds to pay any verdict should one be levied against it in this matter. Balicki Dec., ¶8.

**Genex and the Utilization Review Process**

11. Macy's Corporate Services, Inc. ("MCS") administers workers' compensation claims filed by employees of Macy's West Stores, Inc. In administering that function, in order to determine whether certain treatment is medically necessary for an injured employee, MCS uses the utilization review ("UR") process as is required by law. Genex is the vendor of the UR program used by MCS. Declaration of Ann Schnure in Support of Motion for Summary Judgment filed by Defendant Macy' West Stores, Inc., ¶ 4 ("Schnure Dec.").

12. When a physician recommends treatment that MCS is unsure is medically necessary, MCS sends a utilization review (UR) request to Genex along with the doctor's order for the treatment and the employee's diagnosis. A doctor employed by Genex – and not related to MCS in any way - then reviews the employee's diagnosis and the recommended treatment. The doctor then decides whether to certify the treatment – meaning it will be given to the employee – or to not certify it – in which case the employee will not receive the treatment. Schnure Dec., ¶ 5.

13. If the recommendation of Genex is in the employee's favor, MCS is required to accept the UR program's recommendation. If the recommendation is not in the employee's favor, the employee may appeal. MCS can also decide to allow the treatment if Genex recommends against it. Schnure Dec., ¶ 5.

14. MCS does not refuse treatment requested by a treating doctor for an injured employee without using the UR process. Treatment is only denied if and when an independent UR doctor recommends that the treatment is not medically necessary and the decision is upheld on appeal (if the employee appeals). Schnure Dec., ¶ 6.

15. Genex sends a letter directly to the injured employee explaining whether the treatment was certified or not and the reason for its decision. MCS is copied on the letter. Schnure Dec., ¶ 7.

16. If Ms. Dezham was denied treatment as alleged in her civil action, the denial was the decision of Genex and not MCS. Schnure Dec., ¶ 8.

17. MCS maintains the workers' compensation file of an injured employee in the strictest of confidence as required by law. Only persons at MCS working on the file or their supervisors have access to the file. No one in the employee's store (where she was employed) is informed by MCS as to treatment sought by the employee or the status of the workers' compensation case. The store personnel are not involved in decisions made about treatment of the injured employee or any other decisions related to the workers' compensation case. Schnure Dec., ¶ 9.

18. Likewise, the MCS adjuster working the workers' compensation case knows only what is going on with respect to the workers' compensation proceeding. The adjuster has no knowledge of anything that happened at the store other than the events leading to the employee's alleged injury. Schnure Dec., ¶ 10.

Dated: November 17, 2014

SHIRLEY D. DEUTSCH
SCHWARTZ & DEUTSCH, LLP

SHIRLEY D. DEUTSCH
Attorneys for Defendants