1  SHIRLEY D. DEUTSCH, Bar No. 76230
   SCHWARTZ & DEUTSCH, LLP
2  333 South Hope Street, 35th Floor
   Los Angeles, California 90071
3  Tel: (213) 236-9400
   Fax: (213) 236-9499
4  Email: sdeutsch@earthlink.net

5  BETTY THORNE TIERNEY, pro hac vice admittee
   MACY'S LAW DEPARTMENT
6  111 Boulder Industrial Court, 2nd Floor
   St. Louis, MO 63044
7  Telephone: (314) 342-6728
   Facsimile: (314) 342-6366
8  Email: betty.tierney@macys.com

9  Attorneys for Defendants
   MACY'S WEST STORES, INC.,
10 MACY'S CORPORATE SERVICES, INC.
   and MACY'S RETAIL HOLDINGS, INC.

11

12                UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14

15 HOURVASH DEZHAM,                  )  CASE NO.: SACV 13-1864-DOC (RNBx)
                                     )
16         Plaintiff,                )
                                     )  **REPLY MEMORANDUM IN FURTHER**
17                                   )  **SUPPORT OF DEFENDANTS MACY'S**
   v.                               )  **RETAIL HOLDINGS, INC. AND MACY'S**
18                                   )  **CORPORATE SERVICES, INC.'S**
                                     )  **MOTION FOR SUMMARY JUDGMENT**
19 MACY'S WEST STORES INC., et       )  **OR, IN THE ALTERNATIVE, PARTIAL**
   al.,                             )  **SUMMARY JUDGMENT**
20                                   )
21         Defendants.               )
                                     )  Date:      December 22, 2014
22                                   )  Time:      8:30 a.m.
                                     )  Location:  Courtroom 9D
23                                   )

24 _____

25         Defendants Macy's Retail Holdings, Inc. ("MRHI") and Macy's Corporate

26 Services, Inc. ("MCS") submit the following Reply Memorandum in Further Support of

27

their respective motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure:

## INTRODUCTION

Plaintiff Hourvash Dezham ("Dezham") accuses all of the companies in the Macy's family of being inextricably intertwined for purposes of her employment. Her essential argument is that, by providing accommodations including modified duty and a motorized scooter, and by administering her workers' claim in ways she disagrees with, the giant entity known as "Macy's" has engaged in discrimination, retaliation and harassment toward her. Indeed, she seems to believe that each Macy's entity has engaged in a quasi-criminal conspiracy, as her Opposition is laced with terms such as "collusion". Dezham's theory of the case lacks any support in law or fact.

Dezham first argues that because she believes – despite Defendants' assertions to the contrary – that MCS has not produced all of the Genex documents related to decisions made as to her workers' compensation case and one other category of information, the ruling on the summary judgment should be deferred. There is no basis for continuing the hearing and there are no additional documents or information to be produced. There is no basis for Dezham's request.

Dezham's insistence on keeping three corporate entities in the action – only one of which is her employer – is baffling. Macy's West Stores, Inc. ("MWSI") operates department stores in the state of California, makes day-to-day decisions about the California employees and employed Dezham. MRHI had nothing to do with Dezham. MCS provided guidance to MWSI with respect to accommodating Dezham and administered her claim for workers' compensation benefits. MCS did not direct Dezham in the performance of her duties and was not her employer.

As MCS and MRHI did not employ her, Dezham has no claim against them. She cites no evidence that an entity becomes an employer merely by providing advice to the

REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS MACY'S RETAIL HOLDINGS, INC AND MACY'S CORPORATE SERVICES, INC.'S MOTIONS FOR SUMMARY JUDGMENT

2

employer or by administering workers' compensation claims. Merely because the entities share the name "Macy's" does not make them jointly liable.

**ARGUMENT**

**I.     <u>There is No Outstanding Discovery</u>.**

Dezham insists that MCS has failed to produce documents related to the workers' compensation file from the Utilization Review provider, Genex, in contravention of this Court's order. That is simply not so.

In response to a discovery dispute between the parties, Magistrate Judge Robert N. Block directed the parties to work together to resolve their differences. The relevant Minute Order simply adopts the agreement of the parties but does not enumerate the terms of the parties' agreement. The notes of defense counsel reflect MCS agreed to produce, inter alia, all communications between Genex and MCS related to the authorization of medical treatment for Dezham. Declaration of Shirley Deutsch, ¶6.

The in-house attorney involved in this case initially, Jennifer Raymond, left Macy's employ in early October. Betty Thorne Tierney then entered her appearance to work with local counsel, Shirley Deutsch, on this matter. Immediately after Ms. Tierney became involved in the case, on October 9, 2014, Plaintiff's counsel, Jihad Smaili, sent an email accusing Defendants of not complying with this Court's order. However, he gave no specifics. Ms. Deutsch responded that same day noting that Ms. Raymond had prepared the last set of responses and that Ms. Tierney was trying to get up to speed on the case. Ms. Deutsch asked that Mr. Smaili specify what his concerns were so that they could be reviewed and researched. Nothing further was heard from Mr. Smaili until October 14 when he sent Ms. Tierney an email asking for her availability to discuss his concerns. Ms. Tierney responded in a manner similar to Ms. Deutsch, explaining that she was not sure what the concerns were but if Mr. Smaili would explain, she would be glad to review the issue. As she was new to the case, she explained that she would have to do some research on what had transpired. As Ms. Tierney was traveling for business that

REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS MACY'S RETAIL HOLDINGS, INC AND MACY'S CORPORATE SERVICES, INC.'S MOTIONS FOR SUMMARY JUDGMENT

3

week, she asked Mr. Smaili to convey his concerns so that she could review while traveling and not delay the situation further. Declaration of Jihad Smaili, Ex. K.

The next response did not come until seven days later on October 21, 2014. Mr. Smaili simply wrote: "Let's start with Genex. Is there a reason the complete documents were not produced?" Ms. Tierney reached out to Ms. Raymond, who confirmed that she had produced all the documents from the client and nothing had been withheld. Ms. Tierney conveyed this to Mr. Smaili on October 22. After several emails back and forth, the parties set a time to discuss the issue on Tuesday, October 28, 2014. Mr. Smaili confirmed during the call that there were some dates on a payment schedule for which he could not find responsive documents. He stated this was his only discovery concern and he would forward a list of the dates so that defense counsel could research further. He sent an email an hour or so later with this information. There were 19 dates that were apparently of concern. Smaili Decl., Ex. K. Ms. Tierney then began an extensive review of the over 5,000 pages of documents that had been produced – over 1,500 from Genex and the workers' compensation medical file. After six calendar days, Macy's received the following communication from Mr. Smaili on November 4:

> Counsel:
>
> What is the hold up here? We have not received any communication/response from your in over six days. Please give this matter the attention it deserves.
>
> Specifically, but without limitation, where are the documents that we indicated to you were missing from the court-ordered production? What is the hold up?

Smaili Decl., Ex. K.

Defense counsel, Ms. Deutsch, responded on November 4 that two of the six days were a weekend and Ms. Tierney was traveling on two of the days. As there were thousands of documents to review, it was taking a bit of time. Mr. Smaili sent another strident email on November 5. Ms. Tierney completed her review and sent a detailed email on November 7. Ms. Tierney noted that many of the "missing" documents had in

REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS MACY'S RETAIL HOLDINGS, INC AND MACY'S CORPORATE SERVICES, INC.'S MOTIONS FOR SUMMARY JUDGMENT

4

fact been produced.  However, in conducting her due diligence, Ms. Tierney went back to her clients and confirmed that the documents addressing the responses from Genex to Plaintiff about requested medical treatment (on which MCS was copied) had not been produced.  They were placed on a CD and immediately sent to Mr. Smaili.  However, as noted above, the originals of all of these documents had been mailed to Plaintiff Dezham long ago and should have already been in Plaintiff's custody or control.  Plaintiff had not produced them in the pending litigation.  Smaili Decl., Ex. K.

In response, a member of Mr. Smaili's staff then wrote Ms. Tierney once again accusing Macy's of withholding documents stating that Macy's was required to produce everything related to Genex.  There were three dates for which Plaintiff's counsel could not find documents.  Ms. Tierney responded on November 19, explaining that MCS had in fact produced all documents subject to the parties' agreement and the order.  Ms. Tierney then conveyed the Bates number for at least one of the documents Plaintiff's counsel was seeking and advised counsel that the remaining dates were discussed in the documents produced.  Macy's is not aware of any responsive documents that have not been produced.  Smaili Decl., Ex. K; Supplemental Deutsch Decl., ¶9.

During the communications detailed above, Plaintiff's counsel never mentioned the second piece of discovery he now claims he is missing, information related to AST employees hired between September 1, 2010 and June 1, 2011.  Counsel represented that the only unresolved issue was the Genex documents.  In her transmittal letter dated September 23, 2014, Jennifer Raymond informed Mr. Smaili that there was no information in Macy's system as to AST employees hired between September 1, 2010 and June 1, 2011.  Smaili Decl., Ex. K.

As there is no additional information or documents to be produced, there is no reason to delay a ruling on Defendants' motions.

## II.  Macy's Retail Holdings, Inc. and Macy's Corporate Services, Inc. Are Not Dezham's Employer.

REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS MACY'S RETAIL HOLDINGS, INC AND MACY'S CORPORATE SERVICES, INC.'S MOTIONS FOR SUMMARY JUDGMENT

5

1   Dezham alleges that since Macy's, Inc. has numerous subsidiaries, some of which
2   perform services for other subsidiaries, they are all properly categorized as Dezham's
3   employer.  She complains about the "self-serving" declaration from a corporate attorney
4   who has worked for Macy's and its predecessors for over 25 years in governance and
5   corporate structure.  Instead of presenting admissible evidence that MCS or MRHI
6   controlled her day-to-day activities, Dezham prefers to rely on the information gleaned
7   from employees during their depositions who have no knowledge of the law or corporate
8   structure.[1]

9   While Dezham has not named Macy's, Inc. as a defendant, her opposition spends
10  an inordinate amount of time addressing the documents that reference Macy's, Inc. and
11  its relationship to the other Defendants.  The reference is confusing but Defendants
12  assume this is not a last ditch effort to add yet another corporate entity.

13  Federal and state law do not support Dezham's arguments.  The California Court
14  of Appeals held in the landmark case on this issue, *Laird v. Capital Cities/ABC, Inc*, 66
15  Cal. App. 4th 727, 737 (1998) that an employee who:

16      seeks to hold a parent corporation liable for the acts or omissions of its subsidiary
17      on the theory that the two corporate entities constitute a single employer has a
18      heavy burden to meet under both California and federal law.  Corporate entities are
19      presumed to have separate existences, and the corporate form will be disregarded
20      only when the ends of justice require this result.

21  Of note, "there is a strong presumption that a parent company is not the employer
22  of its subsidiaries employees." *Id.*  To overcome this presumption, Dezham must show
23  that there is an interrelation of operations, common management, centralized control of
24  labor relations and common ownership or financial control.  *Id.*  Common ownership or

25
26  [1] Roberta Eagle was not designated as the 30(b)(6) witness  for corporate structure questions – Dezham did not ask for such a
    witness.  Therefore, Dezham's arguments notwithstanding, Ms. Eagle knew nothing more than any other employee about the
27  company's structure.

control – standing alone – is never enough to establish parental liability.  The most important issue is whether there is centralized control of labor relations.  *Id.* at 738.  The key issue is who made final decisions regarding employment matters related to the person claiming discrimination.  To make the control prong, an employee must prove that the parent controls the day-to-day employment decisions of the subsidiary.  *Id.* at 738.

The case law is clear that a certain amount of control by a parent corporation over any subsidiary is to be expected and does not result in liability.  Unless the control that Macy's Retail Holdings, Inc. ("MRHI") exerts over MWSI is outside the norm, MRHI is not responsible for any personnel actions taken as to Dezham.  There is no evidence that MRHI exercises control over MWSI's employment decisions in general or as to Dezham specifically.  In fact, Denice Flynn and Roberta Eagle are part of MWSI's employee relations and human resources organization.  There is no evidence that MRHI controls their day-to-day activities.

The court in *Cellini v. Harcourt Brace & Company, et al.,* 51 F.Supp.2d 1028, 1034 (S.D. Cal. 1999), refuted most if not all of Dezham's arguments.  In *Cellini,* the parent company provided benefit programs for the subsidiary's employees, had a general code of conduct that applied to the subsidiary's employees, and provided sexual harassment seminars for the subsidiary's employees.  This was not enough, however, for liability as there was no showing that the parent made employment decisions on a daily basis.  *Id.*

Similarly, MWSI has its own handbook that contains the day-to-day rules that governs its employees.  It has its own group of employees – including Flynn and Eagle – who administer those programs.  Thus, the fact that MCS administers workers' compensation claims for MWSI and provides guidance regarding the accommodation of injured employees, is not enough to make it Dezham's employer.  The high burden that Dezham must meet to keep MCS and MRHI in this case has not even arguably been met.  Issues that the *Harcourt* court noted would have been helpful are who gave employees

REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS MACY'S RETAIL HOLDINGS, INC AND MACY'S CORPORATE SERVICES, INC.'S MOTIONS FOR SUMMARY JUDGMENT

7

their annual performance reviews, who made work assignments, who hired employees and who owned the equipment at the place of employment. *Id.* There is no question here that the store Dezham worked in was owned and operated by MWSI – not MCS and not MRHI. She was given her duties by employees in the store who also worked for MWSI and those employees decided what she would be paid and what raise she would get based on her annual reviews.

The legal presumption is that MWSI is the employer. As liability under FEHA, Title VII, ADEA and the miscellaneous other claims runs only to an employer, summary judgment is appropriate for MCS and MRHI unless Dezham can overcome the presumption –something she has not and cannot do. As the court held in *Laird*, this presumption can only be breached if justice so requires. As MWSI is solvent, and there is no serious question as to its ability to fund any judgment that might be entered against it, there is no reason justice cannot be served if MCS and MRHI are dismissed.

## III.   Dezham's Medical Treatment Claim Is Absurd

Dezham contends that, by providing advice to MWSI regarding accommodations designed to get Dezham back to work, MCS discriminated against her. What she fails to realize is that the goal of the accommodation laws is to put employs back to work as soon as possible. When a doctor orders restrictions, he or she has determined that the employee is not at 100% but that they can perform their job duties with certain modifications. The employer, however, is not required to give the employee the accommodation they want but an accommodation that meets their restrictions. *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 228 (1999) (the "employer is not obligated to choose the best accommodation or the accommodation the employee seeks").

Dezham confuses this concept with the idea that, because MCS uses the UR process to authorize medical treatment in her workers' compensation proceeding – as it is required to do under California law – it is somehow discriminating against her if it does not authorize every treatment requested by her doctors. In Dezham's analysis, MCS

1  cannot win. If it seeks a UR determination, and then follows a UR doctor's

2  recommendation to deny treatment, it has, according to Dezham, engaged in

3  discrimination, harassment or retaliation. This is absurd.

4      There is no evidence MCS made any decision to deny treatment requested by

5  Dezham's physician based on anything other than the UR doctor's recommendation. In

6  fact, according to Ann Schnure, this is how all claims are administered. Unless Dezham

7  can show that MCS acted differently with other injured workers, she cannot prove

8  discrimination.

9      Moreover, as was argued in Defendants' opening brief, whether certain treatments

10  were authorized is to be adjudicated solely in the workers' compensation forum. Dezham

11  provides no valid authority or case law to the contrary. Moreover, MCS cannot be found

12  liable for violating the law when it is following a required law. If MCS denied any

13  treatment to Dezham, it did so pursuant to the protocol and system mandated by the

14  California legislature. There is no basis for holding MCS liable for any conduct as to

15  Dezham.

16      Dezham's only argument about MRHI seems to be that, because it filed for

17  permission to act as a self-insurer of workers' compensation, it somehow magically

18  became her employer. She offers no evidence whatsoever that she was ever employed by

19  MRHI (which, incidentally, does not operate any "Macy's" stores in California). The

20  Court should request her desperate attempts to salvage her sinking claims.

## CONCLUSION

22      For the foregoing reasons, Defendants Macy's Retail Holdings, Inc. and Macy's

23  Corporate Services, Inc. respectfully request that this Court grant their motions for

24

25

26

27

1  summary judgment and award such other and further relief as this Honorable Court
2  deems just.
3
4
5  Dated:        December 8, 2014                    SHIRLEY D. DEUTSCH
6                                                   SCHWARTZ & DEUTSCH, LLP
7
8                                                   _____
9                                                   SHIRLEY DEUTSCH
10                                                  Attorneys for Defendants
11                                                  MACY'S WEST STORES, INC.;
12                                                  MACY'S CORPORATE SERVICES,
13                                                  INC.; and MACY'S RETAIL
14                                                  HOLDINGS, INC.
15
16
17
18
19
20
21
22
23
24
25
26
27

1   summary judgment and award such other and further relief as this Honorable Court
2   deems just.
3
4
5   Dated:      December 8, 2014              SHIRLEY D. DEUTSCH
                                             SCHWARTZ & DEUTSCH, LLP
6
7                                            _____
                                             SHIRLEY DEUTSCH
8                                            Attorneys for Defendants
9                                            MACY'S WEST STORES, INC.;
                                             MACY'S CORPORATE SERVICES,
10                                           INC.; and MACY'S RETAIL
11                                           HOLDINGS, INC.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27