SHIRLEY D. DEUTSCH, Bar No. 76230
SCHWARTZ & DEUTSCH, LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 236-9400
Fax: (213) 236-9499
Email: sdeutsch@earthlink.net

BETTY THORNE TIERNEY, Pro Hac Vice
MACY'S LAW DEPARTMENT
Boulder Industrial Court, 2nd Floor
Bridgeton, MO  63044
Tel: (314) 342-6728
Fax: (314) 342-6366
E-mail: betty.tierney@macys.com

Attorneys for Defendants
MACY'S WEST STORES, INC.; MACY'S
CORPORATE SERVICES, INC.; and
MACY'S RETAIL HOLDINGS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOURVASH DEZHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>MACY'S WEST STORES, INC., an Ohio corporation doing business in the State of California; MACY'S CORPORATE SERVICES, INC., a Delaware corporation doing business in the State of California; MACY'S RETAIL HOLDINGS, INC., a New York corporation doing business in the State of California; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: 8:13-cv-01864-DOC-RNB<br><br>**EVIDENTIARY OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF DECLARATION OF HOURVASH DEZHAM IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:        December 22, 2014<br>Time:       8:30 a.m.<br>Location:  Courtroom 9D |

1

Pursuant to Rule 103 of the Federal Rules of Evidence, Defendants Macy's West Stores, Inc. ("MWSI"), Macy's Corporate Services, Inc. ("MCS") and Macy's Retail Holdings, Inc. ("MRHI") submit the following evidentiary objections and move to strike the following portions of the Declaration of Hourvash Dezham filed in opposition to their respective motions for summary judgment or, in the alternative, partial summary judgment:

1. **Paragraph 10, page 3, lines 5-9**: "All of this took place while I was out on medical leave by a doctor through August 30. Ms. Rubio and Ms. Eagle maintained their position that I needed to return to work notwithstanding the fact that I was under pain medication which my doctor said would not allow for me to drive."

Objections: Lacks foundation; lacks any showing as to the witness's personal knowledge; hearsay; conclusion unsupported by facts; speculation; inadmissible opinion.

**Court's Ruling on Objection No. 1:**

Sustained: _____                    Overruled: _____

2. **Paragraph 12, page 2, lines 21-23**: "I therefore did previously perform tasks for Macy's utilizing its computer system and was familiar with it."

Objections:   Lacks foundation, lacks any showing of witness's personal knowledge, conclusion unsupported by facts, inadmissible opinion. The Plaintiff's own testimony is insufficient to establish her qualifications for a position for purposes of the *prima facie* case. Her opinion that she was qualified for an AST position is irrelevant. *Phipps v. Gary Drilling Co.,* 722 F.Supp. 615, 620 (E.D. Cal. 1989)

This statement contradicts Dezham's deposition testimony that she has only very basic computer skills. Her skills were not good enough even to access the

2.

company's handbook on the computer. Deposition of Hourvash Dezham, 154:11-17.

Moreover, when she was placed in AST, Dezham initially did not want to work with computers. Shawn Fahey Dep., 58:1-10. Fahey did not feel that Dezham was qualified to work in AST – she was not fluent in Word or Excel as required to succeed in the position. Fahey 57:6-13 (Dezham time in AST not "amazing"); 120:21-122:2.

**Court's Ruling on Objection No. 2:**

Sustained: _____        Overruled: _____

**3.   Paragraph 13, page 3, lines 24-26:**   "AST, like my position at Macy's in Northern California, had employees with similar duties (counting cash, balancing registers, etc.) I was well-qualified for such a position at AST."

Objections:    Lacks foundation, lacks any showing of personal knowledge, conclusion unsupported by facts, inadmissible opinion. The Plaintiff's own opinion is insufficient to establish her qualifications for a position for purposes of establishing a *prima facie* case. Her opinion that she was qualified for an AST position is irrelevant. *Phipps v. Gary Drilling Co.,* 722 F.Supp. 615, 620 (E.D. Cal. 1989).

When she was placed in AST, Dezham initially did not want to work with computers. Shawn Fahey Dep., 58:1-10. Fahey did not feel that Dezham was qualified to work in AST – she was not fluent in Word or Excel as required to succeed in the position. Fahey 57:6-13 (Dezham time in AST not "amazing"); 120:21-122:2.

**Court's Ruling on Objection No. 3:**

Sustained: _____        Overruled: _____

3.

4.   **Paragraph 14, page 4, lines 7-15:**   "Thereafter, Mr. Fahey hired a few people to fill positions in AST including Ms. Villela, who was much younger than myself (below 40).   It was Ms. Villela that would interview me – after I was terminated – in June of 2013 and not hire me back as a sales associate with Defendants.  A permanent AST position would have been a perfect accommodation for me while my foot was healing.  Also, a position in the furniture or bedding department that had a combination of seated and standing work would haven (sic) be a viable option for reasonable accommodation, along with a number of other positions."

Objections:    Lacks foundation, lacks any showing of personal knowledge, conclusion unsupported by facts, inadmissible opinion, irrelevant. The Plaintiff's own testimony is insufficient to establish her qualifications for a position for purposes of establishing a *prima facie* case.  *Phipps v. Gary Drilling Co.,* 722 F.Supp. 615, 620 (E.D. Cal. 1989).

Macy's accommodated Dezham's need to sit on the sales floor with a scooter. While Dezham wanted a different accommodation, Macy's is simply required to offer a reasonable accommodation – it does not have to be the one the employee wants.

**Court's Ruling on Objection No. 4:**

Sustained: _____                      Overruled: \_\_\_\_\_

5.   **Paragraph 16, page 4, line 26 – page 5, line 6:**  "While at AST, and only when Mr. Fahey would himself put in his computer access code, I also performed duties of keeping record of employee disciplinary violations and information.  I was also able to search for, locate and retrieve employee information relating to department sales goals at the request of employees and staff.  I was also proficient in locating candidate applications in the computer and schedule candidate orientations, interview dates, times, etc.   I was proficient in pulling up all applications for

4.

employment from the computer.  All of this, I was able to perform, only after I was taught how to do it."

Objections:    Lacks foundation, lacks any showing of witness's personal knowledge, conclusion unsupported by facts, inadmissible opinion, irrelevant.    The Plaintiff's own testimony is insufficient to establish her qualifications for a position for purposes of establishing a *prima facie* case.  Moreover, the fact that Plaintiff performed some duties in AST while assigned to modified duty in the department does not mean she was qualified for a full-time position in AST.

**Court's Ruling on Objection No. 5:**

Sustained: _____            Overruled: _____

**6.    Paragraph 17, page 5, lines 8-13:** "I was, and am, able to type and enter information onto the cash register and/or computer.  Further, I was shown, in a very limited fashion, how to utilize a computer program (which now I know is called "Excel") while at AST and learned it quickly.  Had I received further training, I believe that I would have been as much of an asset to the AST office as I had been to Macy's on the sales floor."

Objections:    Lacks foundation, lacks any showing of witness's personal knowledge, conclusion unsupported by facts, inadmissible opinion, irrelevant and speculative.    The Plaintiff's own testimony is insufficient to establish her qualifications for a position for purposes of establishing a *prima facie* case. Moreover, the fact that Plaintiff performed some duties in AST while assigned to modified duty in the department does not mean she was qualified for a full-time position in AST.

**Court's Ruling on Objection No. 6:**

5.

Sustained: _____                    Overruled: _____

**7.    Paragraph 18, page 5, lines 16-17:** "Going to the sales floor violated my physician's restrictions and caused me additional pain."

Objections:   Lacks foundation, conclusion unsupported by facts, inadmissible lay opinion.   Plaintiff has not provided evidence of the specific restrictions. Contradicts Dezham's deposition testimony that Wilson asked her to help in the fitting rooms *two times* while performing modified duties in AST – not "constantly" as set forth in Paragraph 18.  Dezham Dep., 148:9-20.  Dezham was allowed to sit while hanging lingerie.  This met her physician-imposed restrictions that she not stand or walk for more than 20 minutes per hour.  Fahey Dep., 87:23-88:13 (Dezham was asked to help hang lingerie while seated).

**Court's Ruling on Objection No. 7:**

Sustained: _____                    Overruled: _____

**8.    Paragraph 19, page 5, lines 18-19:** Irrelevant.  Dezham fails to clearly state she made a complaint of discrimination or failure to accommodate.   Fahey acknowledged that Dezham complained about Wilson asking her to help recover the lingerie area, but she never mentioned pain or violating her restrictions.  She simply did not want to do the work – which was not an acceptable complaint. Dezham was a sales associate on modified duties.  She was eligible to help anywhere needed as long as her restrictions were met.  Fahey Dep., pp. 94:18-96:14.

**Court's Ruling on Objection No. 8:**

Sustained: _____                    Overruled: _____

9.      **Paragraph 20, page 5, lines 23-26:** "Mr. Fahey and Ms. Eagle took no action.  As a result, I lost my specialty lingerie position and title, and thus money. Moreover, after refusing to reduce my sales goals due to my being on modified duties, I was encouraged to have my doctor change my restrictions."

Objections:    Lacks foundation, opinion unsupported by facts, speculation. Dezham had no sales goals while on modified duty. Fahey Dep., p. 85:9-12.

**Court's Ruling on Objection No. 9:**

Sustained: _____                    Overruled: _____

10.      **Paragraph 21, page 6, lines 5-8:** "Performing sales and fitting room tasks caused me a lot of pain, discomfort and ultimately delayed the proper healing and betterment of my toe.  In addition, as a result, I developed severe back pain and a hernia which necessitated pain management treatment."

Objections:    Lacks foundation, opinion unsupported by facts, inadmissible lay opinion.  Dezham has not provided medical evidence to support her own opinion. Contradicts Dezham's deposition.  Dezham was given a scooter to aid her in meeting her restrictions.  She stated in her deposition testimony that she did not stand and walk more than was permitted by her doctor while working on the scooter.  Dezham Dep., 163:8-14.  Dezham later testified she could not perform her sales duties while on the scooter but tied her complaints to the fact that Macy's would not give her a lesser sales goal – in essence, eliminating one of the essential functions of the selling associate position.  Dezham Dep., 161: 2-11.  She also stated at one point that she

7.

could make her sales goal but it was painful. Dezham Dep., 161:12-163:2. Another time she complained she could not get through the racks on her scooter. Dezham Dep., 59:3-11.

**Court's Ruling on Objection No. 10:**

Sustained: _____                    Overruled: _____

**11.    Paragraph 23, page 6, lines 12-15:** "Ms. Wilson, my sales manager, along with other managers, would constantly ask me and my co-workers to place and/or move around a chair for me so that I could perform sales-related tasks which were prohibited by the doctor's order."

Objections:   Lacks foundation, opinion unsupported by facts, inadmissible lay opinion. Plaintiff has not provided medical evidence to support her own opinion, nor has she provided the specific restrictions she claims were violated.   Irrelevant, as Dezham fails to state when this occurred. Contradicts Dezham's prior testimony. As noted above, Dezham testified that while on modified duty, she was asked to work on the floor *two times* to do recovery work while seated.  It is not clear what duties she was asked to do that violated her doctor's order as his primary restriction was a limitation on standing and walking and she did so while seated.

**Court's Ruling on Objection No. 11:**

Sustained: _____                    Overruled: _____

**12.  Paragraph 24, page 6, lines 16-22:** "While my managers and co-workers would move around my chair, they would make derogatory, offensive and degrading

8.

comments . . .”

Objections:   Lacks foundation, hearsay, irrelevant. Plaintiff fails to identify the individuals who made the comments, nor does she explain when the comments were made.   The comments are stray remarks unrelated to any of the challenged employment decisions.

**Court's Ruling on Objection No. 12:**

Sustained: \_\_\_\_\_          Overruled: \_\_\_\_\_

**13.   Paragraph 25, page lines 23-27:** “When I performed sales-tasks pursuant to my manager's orders, my managers and co-workers made fun of my disability.  I approached Mr. Fahey (once while crying) and reported to him that Ms. Wilson, my manager, had made fun of me with regard to the placement of a chair in the fitting room. Mr. Fahey took no action.”

Objections:  Lacks foundation, hearsay, irrelevant. Plaintiff fails to identify the individuals who made the comments, nor does she state when the comments were made.   The comments are stray remarks unrelated to any of the challenged employment decisions.  Fahey stated Dezham complained to Fahey but only because she liked working in AST better than the selling floor.  She did not want to go back to the selling floor because she felt she was out of the routine.  She did not tie this to her injury or pain.  Fahey tried to encourage her by reminding her of how well she had done before in sales. Fahey Dep. 89:23-93:7.

**Court's Ruling on Objection No. 13:**

Sustained: \_\_\_\_\_          Overruled: \_\_\_\_\_

9.

14. **Paragraph 26, page 7, lines 1-2**: "The store Manager, Ms. Sue Graham, made fun of my injury and disability by stating to me, "Oh, I didn't know you fell in the trash can!"

Objections:    Lacks foundation, irrelevant.  Plaintiff fails to explain when this comment was made.   The comment is a stray remark unrelated to any of the challenged employment decisions.

**Court's Ruling on Objection No. 14:**

Sustained: _____          Overruled: _____

15. **Paragraph 31, page 8, lines 4-11**: "It was my sincere belief, based on Ms. Eagle's statements and conduct toward me, that the reason for her decision to provide me with a scooter was not meant to accommodate me, advance or help my healing process, or to reduce pain, but simply to ensure that I returned to the sales floor so that I could recommence earning money for Defendants.  Ms. Wilson would constantly inquire of me as to when I would be ready to be back on the sales floor because my lacks (sic) of sales as a top performer were hurting the department's, and therefore her, numbers."

Objections:    Lacks foundation, speculation, Plaintiff's subjective belief is irrelevant. Plaintiff fails to explain when Ms. Wilson made the inquiry.

**Court's Ruling on Objection No. 15:**

Sustained: _____          Overruled: _____

10.

**16.     Paragraph 32, page 8, lines 12-14**: "Further, Ms. Wilson's and Ms. Eagle's statements to myself revealed that my managers and co-workers alike insisted and believed that I was feigning my injuries and pain and they did not want me to get away with it."

Objections:     Lacks foundation, speculation.   Plaintiff's subjective belief is irrelevant.

**Court's Ruling on Objection No. 16:**

Sustained: _____          Overruled: _____

**17.   Paragraph 33, page 8, lines 17-20**: "The scooter was ordered, and I was forced to use it on the sales floor, without any effort to have the doctor that had placed me on modified sedentary duties approve, or suggest any alternatives to, the scooter. When the scooter arrived and I utilized it, I would still be forced to work for long periods of time on my feet."

Objections:     Lacks foundation, inadmissible lay opinion, speculation. Dezham's doctor's note did not prohibit her from putting pressure on her feet. It was a limit on her standing and walking. She was allowed to stand and walk a third of her day – 20 minutes per hour.

**Court's Ruling on Objection No. 17:**

Sustained: _____          Overruled: _____

**18.   Paragraph 34, page 9, lines 1-10**: "in essence, it was my sincere belief

11.

EVIDENTIARY OBJECTIONS TO DECLARATION OF HOURVASH DEZHAM SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

that Defendants unilaterally and without proper medical consent, amended/supplemented my medical restrictions for the purpose of increasing profit and at the expense of my medical condition. I was instructed, repeatedly, to convince my doctor to change my allowed duties, and Defendants insisted that I was feigning my injury (which lead to the use of the scooter). Defendants had hoped that by ordering the scooter, I would somehow be embarrassed and simply admit that I was feigning my injuries and go back to the sales floor.

Objections: Lacks foundation, speculation. Plaintiff's subjective belief as to Defendants' motivation is irrelevant. Plaintiff fails to provide evidence of what medical restrictions she is referring to, nor has she produced any evidence that Defendants amended or modified her restrictions.

**Court's Ruling on Objection No. 18:**

Sustained: _____          Overruled: _____

**19.   Paragraph 35, page 9, lines 12-14:** "Ms. Wilson informed me that Ms. Eagle indicated that I would have to get my doctor to change his order so that I can be on the sales floor for more than 20 minutes per hour."

Objections: Lacks foundation, hearsay. Plaintiff fails to explain when this comment was made. The comment is a stray remark unrelated to any of the challenged employment decisions.

Irrelevant. Dezham complained about going back to sales because she liked AST and was afraid she was out of the routine of selling. She did not tell Fahey about her pain preventing her from doing her job or that she had to violate her doctor's orders. Fahey testified the only time she mentioned being in pain was while on modified duties and trying to do more than her doctor authorized. Fahey reminded her

12.

at those times to follow her doctor-imposed restrictions.  Fahey Dep. 91:12-92:5.

**Court's Ruling on Objection No. 19:**

Sustained: _____          Overruled: _____

20.   **Paragraph 36, page 9, lines 20-24:**  Dezham's assertion that she had to clean fitting rooms and perform other non-sales tasks is irrelevant.  All associates working on the sales floor are required to do non-sales tasks – it is part of the job – and the employees do those tasks when not actively selling.  Eagle Dec., Ex. B.

**Court's Ruling on Objection No. 20:**

Sustained: _____          Overruled: _____

21.   **Paragraph 37, page 9, line 25 – page 10, line 5:**  "I was also given sales goals to meet while I was at AST which Defendants knew I could not meet because I was not supposed to do sales work.  As a result, I requested from my mangers Shawn Fahey and Ms. Eagle, that my goals be lowered so that I would be able to meet the goals.  The request was denied by Ms. Eagle ostensibly because it was unfair to the other sales associates, and my sales goals were kept the same as the other salespeople notwithstanding my disability.  As a direct result, I was unable to meet my sales goals and my pay decreased significantly.

Objections:   Lacks foundation, opinion unsupported by facts, speculation, irrelevant.  Plaintiff has presented no evidence that her sales goals were the same as the goals set for other employees, nor has she laid a foundation for her belief that she lost money because of her sales goals.

13.

Contradicts her deposition testimony, in which Dezham admitted not ever being disciplined or fired over her sales goals. Dezham Dep., 150:12-18. Dezham, contrary to the statement in her declaration, stated in her deposition that when she inquired about a sales goal while in AST, she was told it was not important. Dezham Dep., 149: 6-150:6.

**Court's Ruling on Objection No. 21:**

Sustained: _____          Overruled: _____

**22.    Paragraph 38, page 10, lines 6-9**: "My "specialty" was taken away by Ms. Wilson, my manager, and given to another sales person that I had previously trained and who had less seniority and experience than myself, as a result of my failure to meet my sales goals due directly to my medical disability."

Objections:    Lacks foundation, opinion unsupported by facts, speculation, irrelevant.  Plaintiff has presented no evidence, other than her own subjective belief, of the reason she lost her specialty status.

**Court's Ruling on Objection No. 22:**

Sustained: _____          Overruled: ___

**23.    Paragraph 39, page 10, lines 10-17**: "My manager, Judy Wilson, and HR manager, Ms. Eagle, along with my co-workers, harassed and discriminated against me due to my Iranian national origin and disability.  Previously, I had complained about Ms. Wilson to another manager relating to Wilson's discriminatory and condescending treatment.  I had also previously confronted Ms. Wilson about her

14.

disparate treatment of myself in the workplace.  Other employees have shared with me that they also believed that they were treated differently by Ms. Wilson sue to their immutable characteristics/race/color/national origin."

Objections:    Lacks foundation, opinion unsupported by facts, speculation, hearsay.  Plaintiff's subjective belief as to the state of mind of Ms. Wilson or Ms. Eagle is irrelevant.  Plaintiff fails to identify the manager to whom she complained.

Contradicts her deposition testimony, in which Dezham denied complaining to management about the alleged comments by Wilson.  Of note, Dezham testified that she never complained in the 15 years she worked for Macy's to her managers. Dezham Dep., 165: 2-10.  She stated that she and another employee talked to Sue Graham about Wilson not being fair and showing favoritism but they did not complain as to anything else. Dezham Dep., 57:3-7; 58:4-61:22.  Dezham also testified that she did not tell any managers about the comments allegedly made about her national origin. Dezham Dep., 64:2-9; 65: 22-66:2; 69:3-70:14; 71:18-22.  At another point, she testified that she knew she could call the Macy's hotline to complain (and had the number) but never did. Dezham Dep., 72:1-73:18.  She also testified another time that she never complained to anyone at Macy's about Judy Wilson. Dezham Dep., 87: 8-13.

**Court's Ruling on Objection No. 23:**

Sustained: _____            Overruled: _____

**24.    Paragraph 43, page 11, lines 2-5:** "While using the scooter to perform my tasks, Ms. Wilson and my co-workers would constantly lecture me, sometimes in front of customers, to move the scooter from the cash register area in a very degrading

15.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and condescending manner."

Objections:    Lacks foundation, inadmissible opinion, hearsay, irrelevant. Plaintiff fails to identify the co-workers who made these statements; they are hearsay and also stray remarks not related to the employment decisions at issue in this case.

**Court's Ruling on Objection No. 24:**

Sustained: _____              Overruled: _____

25.    **Paragraph 44, page 11, line 7 – page 12, line 4:** "She (Ms. Wilson) was not fair to me and would make comments to me regularly which were clearly meant to hurt my feelings.  She would always come to me and either make a comment on my injury, my disability, or make fun of my injury or my disability.  Ms. Wilson would make statements to me in an effort to get a response or reaction from me.  For instance, Ms. Wilson would constantly go into AST office and ask me to help her on the floor, fitting rooms which were full of clothes, knowing that my restrictions did not allow for such work; when I would ask for help placing a chair in the dressing rooms while I did as she requested, Ms. Wilson would make fun of me; she would interrogate me on my toe's failure to heal quickly; refuse to reduce my sales goals due to my inability to be on the sales floor; question me about Iran's male-dominated society, male chauvinism and patriarchal society, and repeatedly ask me whether head coverings and other "bad" things in Iran were real, all of which I perceived to be aimed at showing that Iranians are bad; she would ask me questions about movies ("Not Without My Daughter") and would make other general negative comments about Iranians which forced me to have to explain to Ms. Wilson that movies are not for real and in effect have to justify my nationality and culture to her; Wilson would ask me about the movie almost every day and sometimes more than once per day; she

16.

would also discuss Islam with me; discussions about religion, culture and race would take place all the time; Wilson would also make comments that she believed that Iranian and Muslim men beat their women and would say, "this is your country", again insinuating that Iranians are bad; She (sic) once told me that since I was "old" and "unmarried", I should let younger and married people go on vacation first."

Objections:     Lacks foundation, opinion unsupported by facts, speculation, irrelevant.  Dezham fails to explain when Ms. Wilson made the comments, in most cases she fails to relate the context or substance of the remarks, nor does she link the remarks to any of the employment decisions she challenges in this case.  Thus, they are "stray" remarks unrelated to the decisions at issue.

Dezham has greatly embellished her deposition testimony.  Much of it is discussed above.  In addition, there was only one discussion with Wilson about Iranians. Dezham Dep., 92:93:25. There was another series of conversations about a movie – "Not Without My Daughter" – that led to questions about head coverings and how Muslims treated their wives. Dezham Dep., 94:1-22; 97:8-22; 98:2-99:11; 99:24-100:18.  There was one comment related to Dezham's age that occurred in 2010. Dezham Dep., 103:7-10. Other than Wilson, no one else made Iranian or age comments. Dezham Dep., 105:1-6.


**Court's Ruling on Objection No. 25:**


Sustained: _____          Overruled: _____


**26.     Paragraph 45, page 12, lines 9-25:**  "I was forced to stand for longer periods of time while utilizing the scooter because my her (sic) goals for sales remained unchanged notwithstanding the fact that I repeatedly complained to Wilson and Mr. Fahey to no avail; on an almost daily basis, my coworkers would make

17.

negative comments to me about my sue of the scooter, as would customers but to a lesser degree; I was prevented from following my doctor's restrictions because Macy's refused to change my sales goal while Macy's allowed another salesperson's goals to be reduced after an injury; being forced to have the same sales goals as before my injury caused a lot of emotional and physical pain, along with monetary loss for me . . . Ms. Wilson would question me on her neighbors' loud conduct because she assumed that all Iranians must be the same and she knew that I was Iranian; and all of the above, I believe, was done because of my Iranian national origin, age and disability."

Objections:   Lacks foundation, opinion unsupported by facts, speculation, hearsay.   Plaintiff's subjective belief as to the state of mind of Ms. Wilson is irrelevant.   Plaintiff fails to provide medical evidence that she suffered emotional or physical injury as a result of having to meet a sales goal, nor does she provide any medical evidence that any physician provided a restriction that impacted her ability to meet sales goals.   Irrelevant, as these events took place more than a year before Plaintiff filed her DFEH complaint.

**Court's Ruling on Objection No. 26:**

Sustained: _____                          Overruled: _____

**27.   Paragraph 45, page 12, lines 26-27**: "Although Mr. Fahey informed me that there were no openings for me at AST, he later hired 2-4 people, including Ms. Villela."

Objections:   Lacks foundation, speculation.   Plaintiff does not explain when the 2-4 people were hired, nor does she provide any evidence that she has personal knowledge of who was hired for an AST position.   Irrelevant, as Plaintiff provides no

18.

evidence that she met the qualifications for an AST position or that she ever applied for such a position.

**Court's Ruling on Objection No. 27:**

Sustained: _____          Overruled: _____

**28.   Paragraph 47, page 13, lines 4-6**: "The above conduct toward me caused me to become ill and suffer from acid reflux disease and hiatal hernia.  Previously, I was an otherwise healthy individual."

Objections:    Lacks foundation, opinion unsupported by facts, speculation. Plaintiff's subjective belief as to what may have caused her illnesses is irrelevant. Plaintiff does not explain when she developed these illnesses, nor does she provide medical evidence to support her opinion.

**Court's Ruling on Objection No. 28:**

Sustained: _____          Overruled: _____

**29.   Paragraph 48, page 13, lines 7-16**: "I believe that Ms. Wilson unfairly targeted me due to my race, national origin and disability. . . In addition, I believed sincerely, based on my daily experiences with Ms. Wilson, that if I did complain to someone above her I would be fired.  . . Finally, Roberta Eagle's comments to me about the scooter proved that she would not be attentive if I were to complain about Ms. Wilson's treatment."

Objections:    Lacks foundation, opinion unsupported by facts, speculation. Plaintiff's subjective belief as to Ms. Wilson's state of mind is irrelevant.   Ms.

19.

Wilson's alleged conduct is irrelevant as it is time-barred and Plaintiff has established no connection between Ms. Wilson and the challenged employment decisions.

**Court's Ruling on Objection No. 29:**

Sustained: _____          Overruled: _____

30.   **Paragraph 49, page 13, lines 19-21:** "As a result of my continued and worsening pain and limping in order to perform tasks on the floor, and due to the fact that I was no longer able to stand up and walk for long, I became depressed."

Objections:    Lacks foundation, opinion unsupported by facts, speculation. Plaintiff's subjective belief as to the cause of her depression is irrelevant. Plaintiff provides no medical support for her belief.

**Court's Ruling on Objection No. 30:**

Sustained: _____          Overruled: _____

31.   **Paragraph 50, page 13, lines 22-24:** "On May 27, 2011, my physician took me off work and placed me in a boot for three months directly due to the work that I was forced to perform notwithstanding the prior instructions to the contrary by my doctor."

Objections:    Lacks foundation, opinion unsupported by facts, speculation, hearsay. Plaintiff's subjective belief as to why her doctor prescribed a boot and took her off work is irrelevant. Plaintiff provides no medical evidence for her belief.

**Court's Ruling on Objection No. 31:**

20.

Sustained: _____          Overruled: _____

**32.   Paragraph 50, page 14, lines 3-4**: "Macy's later used this form to claim that they were terminating me because my doctor could not give a return date."

Objections:   Lacks foundation, speculation, unduly confusing.   Plaintiff's subjective belief as to Macy's state of mind is irrelevant.   Plaintiff does not explain which form she is referring to, nor does she provide evidence that Macy's was informed that her doctor gave her a return to work date in response to Macy's letter.

**Court's Ruling on Objection No. 32:**

Sustained: _____          Overruled: _____

**33.   Paragraph 51, page 14, lines 5-9**: "My doctor also sought to perform x-rays in order to better diagnose and treat my injuries.   However, Defendants rejected my doctor's requests, and acted not to authorize these procedures and demanded that I get those x-rays and treatments from my own physician notwithstanding that I had a pending workers' compensation claim."

Objections:   Lacks foundation, opinion unsupported by facts, speculation, hearsay.   Plaintiff provides no evidence of her doctor's request or the denial of the request.   Irrelevant, as the California Workers' Compensation Act provides the exclusive remedy for any claim by Plaintiff as to her medical treatment.

**Court's Ruling on Objection No. 33:**

Sustained: _____          Overruled: _____

21.

**34.   Paragraph 51, page 14, lines 10-12**: "I was also denied indicated medical diagnostic scans of the lumbar spine, pain management and psychiatric treatment, all of which were recommended by my treating physician."

Objections:    Lacks foundation, opinion unsupported by facts, speculation, hearsay.  Plaintiff provides no evidence of her doctor's request or the denial of the request.    Irrelevant, as the California Workers' Compensation Act provides the exclusive remedy for any claim by Plaintiff as to her medical treatment.

**Court's Ruling on Objection No. 34:**

Sustained: _____                              Overruled: _____

**35.   Paragraph 52, page 14, lines 13-19**: "Defendants refused to authorize payment of my medical bills, required medical treatment, including, without limitation, physical therapy, and simply sent me to see a general practitioner.  I requested that Defendants send me a list of orthopedic surgeons that I could see. Ultimately, after I insisted, I was finally provided with a list of orthopedic surgeons. The orthopedic physician I chose from within the network was unable to do anything to alleviate the severe pain I was experiencing and I was then sent to a pain management specialist."

Objections:    Lacks foundation, opinion unsupported by facts, speculation, hearsay.  Plaintiff provides no evidence of her doctor's request or the denial of the request.    Irrelevant, as the California Workers' Compensation Act provides the exclusive remedy for any claim by Plaintiff as to her medical treatment.

**Court's Ruling on Objection No. 35:**

EVIDENTIARY OBJECTIONS TO DECLARATION OF HOURVASH DEZHAM SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Sustained: _____          Overruled: _____

36.   **Paragraph 54, page 14, lines 20-24**:  "As a result of all of the above, I became depressed and sought the assistance of a psychiatrist. Defendants, through the insurance adjuster, retaliated against me by acting to discontinue the pain management and psychiatry treatment that was ordered as well as denying a medically necessary MRI that was ordered by my physician on June 11, 2012."

Objections:   Lacks foundation, opinion unsupported by facts, speculation. Plaintiff provides no evidence that she is qualified to diagnose the causes of her depression, nor does she present any evidence of her doctor's request or the denial of the request.  Irrelevant, as the California Workers' Compensation Act provides the exclusive remedy for any claim by Plaintiff as to her medical treatment.

**Court's Ruling on Objection No. 36:**

Sustained: _____          Overruled: _____

37.   **Paragraph 55, page 14, line 25 – page 15, line 1**:  "I was mistreated, harassed, retaliated against, and subjected to discrimination for my effort to ensure my safety and well-being, as well as others' safety and well-being, at the workplace since my employer was requiring me to work outside of medical restrictions."

Objections:   Lacks foundation, opinion unsupported by facts, speculation. Plaintiff's subjective belief as to the reasons for Defendants' actions is irrelevant. She provides no evidence that she was worked outside of her medical restrictions. Plaintiff does not claim that she made a complaint about safety in the workplace.

**Court's Ruling on Objection No. 37:**

Sustained: _____          Overruled: _____

**38.    Paragraph 58, page 14, lines 10-14:** "The doctor's note that released me back to work that is being utilized by Macy's counsel with the September 2013 date was received by me from the doctor's receptionist after I had attended my six month follow up visit after the March 2013 visit which was meant to indicate that I had attended the appointment and that I was still released to work with restrictions."

Objections:    Lacks foundation, opinion unsupported by facts, speculation, hearsay.    Plaintiff's understanding of what her doctor meant to communicate is irrelevant; also contradicts her deposition testimony.

**Court's Ruling on Objection No. 38:**

Sustained: _____          Overruled: _____

**39.    Paragraph 60, page 15, lines 26-27:** "The person that interviewed me, Elizabeth Villela, knew about my disability and the facts surrounding my on-the-job injury at Macy's."

Objections:    Lacks foundation, speculation.    Irrelevant, as Dezham was never told she would be reinstated but was told she could reapply like everyone else.

**Court's Ruling on Objection No. 39:**

Sustained: _____          Overruled: _____

EVIDENTIARY OBJECTIONS TO DECLARATION OF HOURVASH DEZHAM SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**40.    Paragraph 64, page 16, line 21 – page 17, line 1**:  "Defendants have refused to authorize medical treatment for myself in my workers' compensation claim, and actually ordered that my pain management, psychiatric and diagnostic (MRI) treatment be denied and/or discontinued in direct retaliation for my having exercised my rights and participated in protected activity.  Defendants did so knowing that the referenced medical treatments/procedures were medically indicated, all in direct retaliation for having exercised my rights (filing claims with DFEH, reporting job-related injury, proceeding with workers' compensation benefits, etc.)"

Objections:    Lacks foundation, opinion unsupported by facts, speculation, hearsay.  Plaintiff provides no evidence of her doctor's request or the denial of the request.    Irrelevant, as the California Workers' Compensation Act provides the exclusive remedy for any claim by Plaintiff as to her medical treatment.    Plaintiff does not mention the date of the denial of medical treatment, so it is impossible to determine whether the denial was before or after the filing of Plaintiff's DFEH complaint on October 2, 2012.

**Court's Ruling on Objection No. 40:**

Sustained: _____          Overruled: _____

**41.    Paragraph 65, page 17, lines 2-4**:  "Contrary to Defendants' assertions, my first DFEH charge was not filed until October 17, 2012 (48017-22898).  I received my first right to sue letter on that same date (October 17, 2012)."

Objections:  Lacks foundation.  Plaintiff does not state that she personally filed the charge or that she personally received the right to sue letter.  The documents speak for themselves; each bears the date October 2, 2012.

25.

**Court's Ruling on Objection No. 41:**

Sustained: _____          Overruled: _____

**42.   Paragraph 67, page 17, lines 11-13**: "Defendants' conduct described hereinabove and below was continuing in nature, and comprised general hostility toward my race, national origin, participation in protected activity and disability."

Objections:  Lacks foundation, opinion unsupported by facts, speculation.

**Court's Ruling on Objection No. 42:**

Sustained: _____          Overruled: _____

**43.   Paragraph 68, page 17, lines 14-20**: "Macy's wanted to ensure that I continued to provide sales for them by providing the scooter at great pain, discomfort and shame to myself.  No reasonable and good faith efforts were made by Defendants in order to accommodate my disability or to provide me with the proper medical treatment that was necessary for the proper treatment and healing of my foot (i.e. an orthopedic specialist instead of simply sending me to a general doctor and providing the scooter)."

Objections:   Lacks foundation, opinion unsupported by facts, speculation. Plaintiff's subjective belief of Defendants' motivation is irrelevant, as is her opinion of the cause of her pain.  Plaintiff provides no evidence of her doctor's request or the denial of the request.   Irrelevant, as the California Workers' Compensation Act provides the exclusive remedy for any claim by Plaintiff as to her medical treatment.

**Court's Ruling on Objection No. 43:**

26.

Sustained: _____          Overruled: _____

**44.    Paragraph 69, page 17, lines 21-22**: "I am also aware that another employee that had a disability was allowed to remain at AST for almost one year."

Objections:    Lacks foundation, opinion unsupported by facts, speculation, hearsay. Plaintiff provides no evidence of the employee's name, the context or dates.

**Court's Ruling on Objection No. 44:**

Sustained: _____          Overruled: _____

**45.    Paragraph 70, page 17, lines 23-25**: "I was constantly undermined, harassed and discriminated against specifically due to my disability, race, national origin, age and participation in protected activity."

Objections:    Lacks foundation, opinion unsupported by facts, speculation. Plaintiff's subjective belief is irrelevant.

**Court's Ruling on Objection No. 45:**

Sustained: _____          Overruled: _____

**46.    Paragraph 71, page 17, line 26 – page 18, line 2**: "As a result, I have suffered, and continue to suffer, severe emotional and mental anguish, stress, loss of sleep/insomnia, hernia, crying spells, social anxiety, headaches, fever, back pain, body aches, panic attacks, generalized anxiety, depression, lack of appetite, nightmares, etc."

27.

EVIDENTIARY OBJECTIONS TO DECLARATION OF HOURVASH DEZHAM SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Objections:   Lacks foundation, opinion unsupported by facts, speculation, hearsay. Plaintiff's belief as to the diagnosis or causes of her subjective symptoms is irrelevant.

**Court's Ruling on Objection No. 46:**

Sustained: _____          Overruled: _____

47.   **Paragraph 72, page 18, lines 3-5**:   "I further suffer from Reflex Sympathetic Dystrophy Syndrome (RSD) and Chronic/Complex Regional Pain Syndrome as a direct result of Defendants' conduct."

Objections:   Lacks foundation, opinion unsupported by facts, speculation, hearsay. Plaintiff's belief as to the diagnosis or causes of her subjective symptoms is irrelevant.

**Court's Ruling on Objection No. 47:**

Sustained: _____          Overruled: _____

48.   **Paragraph 73, page 18, lines 6-8**:   "In addition, I continue to suffer from pain in the right foot and right knee directly due to overcompensating for my injury and pain on my left side/foot (antalgic gait)."

Objections:   Lacks foundation, opinion unsupported by facts, speculation, hearsay. Plaintiff's belief as to the diagnosis or causes of her subjective symptoms is irrelevant.

**Court's Ruling on Objection No. 48:**

28.

Sustained: _____                    Overruled: _____

**49.    Paragraph 75, page 18, lines 14-16**:  "To date, Defendants continue to refuse to authorize medications.  For instance, I have not received pain medications or the gel I use to apply on my foot for approximately two months now."

Objections:   Lacks foundation, opinion unsupported by facts, speculation, irrelevant.   Plaintiff provides no evidence to support her belief.   The California Workers' Compensation Act provides the sole remedy for the failure, if any, to provide medical treatment required by an injured worker.

**Court's Ruling on Objection No. 49:**

Sustained: _____                    Overruled: _____

**50.    Paragraph 78, page 19, lines 3-12**:  "At all times relevant herein, and based on everything that I experienced at the workplace as well as correspondence I received from my employer, advertisements of my employer and my information I received from my employer, I reasonably believed, and thereupon relied, on the fact that my employer was "Macy's."  However, "Macy's, Inc." can be found on almost every letter that I received from Macy's, and some letters list "Macy's, Inc." and "Macy's Corporate Services" on the same letterhead.  Examples of these letters are attached to this Declaration.   As such, in my dealings with Macy's, and notwithstanding its corporate or legal structure, it is one entity: "Macy's."

Objections:   Lacks foundation, opinion unsupported by facts, speculation, hearsay.  Plaintiff's subjective belief is irrelevant.

**Court's Ruling on Objection No. 50:**

29.

1

2      Sustained: _____                  Overruled: _____

3

4    Dated:  December 8, 2014            SHIRLEY D. DEUTSCH

5                                 SCHWARTZ & DEUTSCH, LLP

6

7                               SHIRLEY DEUTSCH

8                               Attorneys for Defendants
                                 MACY'S WEST STORES, INC.;

9                               MACY'S CORPORATE SERVICES,
                               INC.; and MACY'S RETAIL

10                             HOLDINGS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                     30.