SHIRLEY D. DEUTSCH, Bar No. 76230
SCHWARTZ & DEUTSCH, LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 236-9400
Fax: (213) 236-9499
Email: sdeutsch@earthlink.net

BETTY THORNE TIERNEY, Pro Hac Vice
MACY'S LAW DEPARTMENT
Boulder Industrial Court, 2nd Floor
Bridgeton, MO 63044
Tel: (314) 342-6728
Fax: (314) 342-6366
E-mail: betty.tierney@macys.com

Attorneys for Defendants
MACY'S WEST STORES, INC.; MACY'S
CORPORATE SERVICES, INC.; and
MACY'S RETAIL HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOURVASH DEZHAM,<br><br>  Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES, INC., an Ohio corporation doing business in the State of California; MACY'S CORPORATE SERVICES, INC., a Delaware corporation doing business in the State of California; MACY'S RETAIL HOLDINGS, INC., a New York corporation doing business in the State of California; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.: 8:13-cv-01864-DOC-RNB<br><br>**RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:     December 22, 2014<br>Time:     8:30 a.m.<br>Location: Courtroom 9D |

1

Defendants Macy's West Stores, Inc. ("MWSI"), Macy's Corporate Services, Inc. ("MCS") and Macy's Retail Holdings, Inc. ("MRHI") submit the following Response to Plaintiff's Evidentiary Objections to the Declarations of Roberta Eagle, Denice Flynn, Ann Schnure and Reva Sherman-Matthews submitted in support of their respective motions for summary judgment or, in the alternative, partial summary judgment:

**Declaration of Denice Flynn:**

Dezham objects that Ms. Flynn lacks personal knowledge of any facts pertaining to Plaintiff. However, Ms. Flynn is Vice President of Associate Relations for MWSI, has worked for Macy's for over 35 years and has personal knowledge of company policies and procedures. This is more than adequate to support Ms. Flynn's explanation of Macy's application process and its policy of not granting indefinite leaves of absence.

Moreover, her so-called lack of "personal knowledge" does not preclude Ms. Flynn from explaining why MWSI terminated Dezham's employment in 2012 and why it did not hire her for the positions she applied for in 2013. Pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in response to an employee's *prima facie* case, an employer must set forth a legitimate, non-discriminatory business reason for its actions. The defendant's burden may be met by "articulat[ing] some legitimate, nondiscriminatory reason" for the defendant's employment action. *Id.* at 802; *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254-255 (1981). An employer need not present a witness with direct personal knowledge; employers commonly rely on business records for explaining personnel actions. *See, e.g., Federacion De Empleados Del Tribunal General De Justicia v. Torres*, 747 F.2d 35 (1st Cir. 1984) (district court properly considered employer's explanations for disciplinary actions taken against employees on summary judgment motion). Employment records containing disciplinary information possess

2.

sufficient indicia of trustworthiness to be admitted. *Coates v. Johnson & Johnson*, 756 F.2d 524 (7th Cir. 1985).

Dezham presents no evidence to rebut Ms. Flynn's testimony regarding Macy's policies and has failed to meet her burden pursuant to Rule 803(6)(e) of establishing lack of trustworthiness. Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all. *In re Ollag Constr. Equip. Corp.* 665 F.2d 53, 46 (2d Cir. 1981). The party opposing admissibility of a business record has the burden of establishing that the business record lacks trustworthiness. *Graef v. Chemical Leaman Corp.*, 106 F. 3d 112 (5th Cir. 1997).

Dezham also objects to Ms. Flynn's testimony laying a foundation for admission of the complaint Dezham filed with the Department of Fair Employment and Housing ("DFEH") and the right to sue letter issued by the DFEH. These documents are admissible as business records pursuant to F.R.Ev. Rule 803(6). The business records exception to the hearsay rule, was intended to permit the admission of records maintained in the regular course of business, unless "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Coates v. Johnson & Johnson*, 756 F.2d 524 (7th Cir. 1985); *United States v. Chappell*, 698 F.2d 308, 311 (7th Cir.), cert. denied, 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983).

In any event, the Court may take judicial notice of the dates shown on the DFEH complaint and the right to sue letter. See, Request to Take Judicial Notice filed concurrently herewith.

**Declaration of Ann Schnure:**

Plaintiff objects that Ms. Schnure lacks personal knowledge of any facts pertaining to Plaintiff. However, Ms. Schnure is Vice President of Claims for MCS and has personal knowledge of MCS' policies and procedures for administering workers' compensation claims filed by MWSI employees. She has also established

3.

the foundation for her testimony regarding MCS' use of the utilization review process in administering Dezham's claim for workers' compensation benefits.

Dezham objects to Ms. Schnure's testimony that MCS uses the utilization review process in determining whether certain treatment is medically necessary for injured employees "as required by law"; that MCS does not deny requested treatment unless the utilization review process results in a finding that it is not medically necessary; and that any denial of treatment for Dezham was the decision of the utilization review provider (Genex) and not MCS. Dezham's objections are baseless and smack of bad faith.

Dezham cites a California Supreme Court case, *State Comp. Ins. Fund v. Workers' Comp. Appeals Board* (2008) 44 Cal.4th 230, 241 for the proposition that utilization review is "not always required." Dezham completely misrepresents the result in that case, which actually holds that California Labor Code 4610(b) *requires* that "[e]very employer . . . establish a utilization review process in compliance with this section." The Court further recognized that the language of Section 4610 indicates the Legislature intended for employers to use the utilization review process when reviewing and resolving *any and all* requests for medical treatment." The Court further held: "Taken together, the language of [Labor Code] sections 4610 and 4062 demonstrates that (1) the Legislature intended for employers to use the utilization review process in section 4610 to review and resolve *any and all* requests for treatment, and (2) if dissatisfied with an employer's decision, an employee (and only an employee) may use section 4062's provisions to resolve the dispute over the treatment request." Thus, Ms. Schnure's understanding that California law requires use of the utilization review process is precisely consistent with the Labor Code provisions as interpreted by the California Supreme Court. Her testimony that MCS uses the utilization review process in determining whether requested treatment is medically necessary, and that the UR provider makes the decisions rather than MCS,

4.
RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

is absolutely within her personal knowledge as Vice President of Claims.

Dezham also objects to Ms. Schnure's foundation for the Genex UR review process letters attached as Exhibit A to her declaration. These documents are admissible as business records pursuant to Rule 803(6) of the Federal Rules of Evidence. The business records exception to the hearsay rule, was intended to permit the admission of records maintained in the regular course of business, unless "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Coates v. Johnson & Johnson*, 756 F.2d 524 (7th Cir. 1985); *United States v. Chappell*, 698 F.2d 308, 311 (7th Cir.), cert. denied, 461 U.S. 931,103 S.Ct. 2095, 77 L.Ed.2d 304 (1983). Dezham has not denied that she received the letters attached as Exhibit A, nor has she submitted any evidence that they are untrustworthy, as is her burden pursuant to Rule 803(6)(e).

**Declaration of Reva Sherman-Matthews:**

Dezham objects to Ms. Sherman-Matthews' statements that she is familiar with "Macy's" policies and that she provides guidance to Macy's corporate entities with respect to employees on leaves of absence, on the ground that she does not identify the specific Macy's entities. Dezham simply ignores Ms. Sherman-Matthews' statement in Paragraph 3 that she is employed by MCS as an Accommodation Disability Manager, in which position she provides guidance to other Macy's corporate entities in handling employees on leaves of absence. The Declaration of Linda Balicki explains that MCS and Dezham's employer, MWSI, are both subsidiaries of MRHI, which in turn is a subsidiary of Macy's, Inc. MWSI operates the stores in California, including the store where Dezham worked. By inference, it is clear that Ms. Sherman-Matthews provides guidance to MWSI.

Dezham objects that Ms. Sherman-Matthews has no "personal knowledge" regarding Dezham. However, as explained above, employers in discrimination cases are permitted to meet their burden of explanation under the *McDonnell-Douglas*

5.

framework by relying on personnel records maintained in the ordinary course of business. Employment records containing disciplinary information possess sufficient indicia of trustworthiness to be admitted. *Coates v. Johnson & Johnson*, 756 F.2d 524 (7th Cir. 1985).

Dezham objects to Ms. Sherman-Matthews' explanation of Macy's policies regarding leaves of absence, Dezham's 90-day period of light/modified duty, the purchase of a scooter as an accommodation for Dezham, and the decision that Macy's could not grant Dezham an indefinite leave of absence, on the ground that Ms. Sherman-Matthews is employed by MCS. Her declaration, however, clearly explains that Ms. Sherman-Matthews provides guidance to other Macy's corporate entities regarding employees on leaves of absence and accommodations. As an Accommodation Disability Manager, and as one who provides guidance to the other Macy's entities, Ms. Sherman-Matthews has established that she is absolutely familiar with the policies used by Macy's in granting leaves of absence and accommodations to injured employees. Ms. Sherman-Matthews is well-qualified to provide evidence regarding the accommodations Macy's granted Dezham, including extended leaves of absence, a 90-day period of light/modified duty and a $1,000 scooter, and to explain why Macy's did not grant Dezham's request for an indefinite leave of absence but rather terminated her employment in 2012 without prejudice to future applications. Indeed, it is difficult to imagine who would be better qualified to rebut Dezham's allegations that all of these actions were somehow discriminatory.

**Declaration of Roberta Eagle:**

Dezham objects to Ms. Eagle's testimony regarding Macy's anti-discrimination policy. As a Director of Human Resources for MWSI, and based on her 14 years of experience in Macy's human resources department, Ms. Eagle is familiar with and has laid a foundation for admission of the policy. Based on her experience, she is qualified to provide evidence concerning training of employees on Macy's anti-

6.

discrimination policy and the avenues available to employees who believe they have experienced discrimination.

Ms. Eagle states in Paragraph 10 of her declaration that she was the human resources manager for the Macy's store in which Dezham worked in 2010. As such, she is qualified to provide evidence regarding the duties and the job descriptions applicable to Dezham's position and the AST position Dezham believes she should have attained (attached as Exhibits B and D to her declaration).

Dezham's objection that Macy's policies are "irrelevant" is absurd. In discrimination cases, employers are required to explain why they have taken the actions challenged by employees as discriminatory. The Court may certainly consider Macy's policies in determining whether or not discrimination played a role in the decisions challenged by Dezham. As the human resources manager in the store where Dezham worked at the time, Ms. Eagle is qualified to explain those actions and why they are consistent with Macy's policies.

Ms. Eagle is also qualified to provide evidence regarding the leaves of absence and modified duty provided to Ms. Dezham. She has laid a foundation for admission of the doctor's notes she personally reviewed on July 16, 2010 and January 12, 2011 (Exhibits C and E to her declaration). In addition, the notes are admissible as business records pursuant to Rule 803(6). As Dezham fails to meet her burden under Rule 803(6)(e) of showing that these records are untrustworthy, they are admissible.

The same is true of Exhibits F and G. These business records reflect the communication sent to Dezham regarding her termination and the date of her termination. As set forth above, Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all. *In re Ollag Constr. Equip. Corp.* 665 F.2d 53, 46 (2d Cir. 1981).

RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

| | |
|---|---|
| Dated: December 5, 2014 | SHIRLEY D. DEUTSCH<br>SCHWARTZ & DEUTSCH, LLP<br><br>*/s/ Shirley Deutsch*<br>_____<br>SHIRLEY DEUTSCH<br>Attorneys for Defendants<br>MACY'S WEST STORES, INC.;<br>MACY'S CORPORATE SERVICES,<br>INC.; and MACY'S RETAIL<br>HOLDINGS, INC. |

RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT